469 So.2d 2 (1985)
ACADEMY PARK IMPROVEMENT ASSOCIATION et al.
v.
CITY OF NEW ORLEANS et al.
No. CA 2576.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
Rehearing Denied May 29, 1985.
*3 Frank A. Silvestri, Silvestri & Massicot, New Orleans, for plaintiffs.
Stephen L. Williamson, Montgomery, Barnett, Brown & Read, New Orleans, for John E. Walker, Earnest Homes, Inc., and U.S. Fid. & Guar. Co.
Before REDMANN, C.J., and LOBRANO and WARD, JJ.
REDMANN, Chief Judge.
Plaintiffs appeal from the dismissal on exception of peremption of their action for damages against certain defendants involved in the design and construction of the New Orleans subdivision in which plaintiffs' homes sit.
Plaintiffs' petition alleges that exceptors, "in a fraudulent and deceptive manner," submitted a four-page plan for the subdivision to the city's drainage authority specifying street elevations appropriate for ordinary drainage protection against flooding, but "withheld" a fifth page that specified that the elevations specified on the first four were lowered by 1.25 feet, so as "to conceal from the [drainage agency] the downward adjustments and thus obtain approval of the plans." That fifth page was submitted with the first four to the street departments, and the subdivision streets were in fact built 1.25 feet lower than approved by city drainage authority. The result has allegedly been undue flooding and consequent devaluation of plaintiffs' homes.
The trial court dismissed plaintiffs' action against exceptors on the theory that this action was perempted by the ten-year limitation of La.R.S. 9:2772. We reverse.
The bedrock principle in the interpretation of statutes that would close the courts to injured persons is La. Const. art. 1, § 22: "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, ... for injury to him...." That constitutional principle does not invalidate reasonable time limitations upon bringing an action, and specifically does not invalidate R.S. 9:2772; Burmaster v. Gravity Drainage Dist. No. 2, 366 So.2d 1381 (La.1978). Yet because of that constitutional principle (and others), limitative statutes cannot be extended by analogy: in the words of La.C.C. 3457, "There is no prescription other than that established by legislation." "[P]rescription is stricti juris and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law." Duer & Taylor v. Blanchard, Walker, 354 So.2d 192 (La. 1978).
R.S. 9:2772 provides, in part:
A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought ...
(1) More than ten years after the date of registry ... of acceptance of the work by owner....
B. The causes which are pre-empted within the time described above include any action:
(1) For any deficiency in the performing or furnishing of land surveying services... or in the design ... or in the construction of any improvement to immovable property.

*4 (2) For damage to property ... arising out of any such deficiency;
(3) For injury to the person ... arising out of any such deficiency; and
(4) Any action brought against a person for the action or failure to act of his employees."
R.S. 9:2772 does not by its terms purport to limit every action against someone who once built a building.[1] A bank's action on a loan, for example, is not perempted by R.S. 9:2772 notwithstanding that the borrower built a building over ten years ago. Equally clear is that R.S. 9:2772 does not govern an action for personal injury in an automobile accident against the driver's employer, notwithstanding the broad language of subd. B(4). Subd. B(4) must be interpreted to mean actions arising from design or construction deficiency resulting from an employee's action or failure to act.
R.S. 9:2772's language limits only actions for "any deficiency" in design or construction of immovables. The title (required by La. Const. art. 3, § 15(A) to be "indicative of its object") of La.Acts 1964, No. 189, which enacted R.S. 9:2772, also purports to set time limits only for actions "for deficiencies in design ... or construction...."
We conclude that "deficiency," as used in R.S. 9:2772, cannot fairly be interpreted to include the allegedly deliberate fraudulent planning and building, without the proper city approval required by law, of a flood-prone subdivision. That is no more a "deficiency" in design or construction than Socrates's hemlock was a "deficiency" in diet.
Plaintiffs may not be able to prove their allegations, but R.S. 9:2772 does not deny them their day in court.
Reversed.
NOTES
[1] The unpublished memorandum opinion from a federal district court submitted by exceptors (whether or not correct in its result on its facts) errs in reasoning that R.S. 9:2772's "language clearly bars any action arising under contract or tort law, and a claim based on fraud must either be an action in contract or tort." A suit to collect a loan or for automobile damages, too, "must either be an action in contract or tort."