484 So.2d 857 (1986)
Maxine Irma HARPER
v.
LOUISIANA STATE BOARD OF NURSING.
No. CA 84 1383.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*858 Ron S. Macaluso, Hammond, for plaintiff-appellant Maxine Irma Harper.
Sydney J. Parlongue, New Orleans, for defendant-appellee Louisiana State Bd. of Nursing.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Maxine Harper brought suit under La. R.S. 49:951 et seq., The Administrative Procedure Act, for judicial review of an administrative order issued by the Louisiana State Board of Nursing, the agency charged with administering the Nurse Practice Act, La. R.S. 37:911 et seq. The Nineteenth Judicial District Court, Honorable William H. Brown, affirmed the order of the Board of Nursing, hereafter "Board," and dismissed the judicial review. Ms. Harper timely appealed.
Appellant assigns as errors by the trial court its
1. affirming the Board's finding that appellant failed to follow proper procedures in handling the disposing of morphine and demerol;
2. ruling that the Board's findings were not inconsistent with the charges made by the Board;
3. failing to rule that the "delay in bringing charges against plaintiff-appellant denied her due process";
4. failing to find that the Board's findings of fact and conclusions of law were inconsistent with the charges, the evidence, and the legal requirements;
5. failing to find that the "standards for disciplinary action" as stated in La. R.S. 37:921 "are unconstitutionally overbroad and vague."

ADMINISTRATIVE PROCEEDINGS
Based on an investigation by the executive director of the Board, Ms. Harper, a registered nurse, was charged, by affidavit filed by the executive director, with being "unfit or incompetent" as a registered nurse "by reason of negligence, habit or other causes" because: (1) on a specified date "she illegally obtained Morphine 10 mg. from the narcotic cabinet in I.C.U." at the hospital where she worked; (2) between beginning and ending dates specified in the affidavit she "illegally disposed of unused portions of Morphine and Demerol"; (3) on a specified date she "threatened to strike a patient"; and (4) on a specified date she "feigned illness and received a hospital admission in order to receive controlled substances which ordinarily she would not have been able to obtain."
Ms. Harper's attorney, who is likewise appellate counsel, filed two motions with the Board on March 8, 1983. One motion was styled "Motion for Bill of Particulars and/or Request for More Definite and Detailed Statement" and the second was styled "Motion to Quash, Strike, and/or Dismiss." On March 11, 1983 the Board mailed the requested details sought in the first motion. The hospital produced hundreds of pages of documents in response to a subpoena duces tecum which Ms. Harper requested issue. The Board subpoenaed all the witnesses Ms. Harper asked to be compelled to attend the hearing.
The full Board heard the matter on May 11, 1983, at which time sixteen witnesses, *859 including Ms. Harper, testified for about eight hours and the subpoenaed documents were introduced in evidence. Based on the testimony and exhibits, the Board rendered its decision on May 13, 1983. Its "findings of fact" stated in pertinent part that:
... [Ms.] Harper ... failed to follow proper procedure in handling Morphine... while employed as supervisor at [the hospital], on October 28, 1980; and that between January 1982 and December 4, 1982, while employed at [the hospital], she failed to follow proper procedure for the disposal of unused portions of Morphine and Demerol in at least seventy-one (71) cases.
... [Ms. Harper's] activities constitute unfitness or incompetence to practice as a registered nurse." (Brackets supplied.)
The "Conclusions of Law" included the holding that "the evidence ... constitutes sufficient cause pursuant to L.R.S. 37:921 to take disciplinary action against the license heretofore issued to Maxine Erma Harper to practice as a registered nurse in Louisiana" and the Board ordered Ms. Harper's license suspended for six months from May 13, 1983; the suspension order was stayed in the same order which was signed on May 17, 1983. The Board found no basis for the third and fourth numbered charges.
Ms. Harper timely applied for a rehearing which was denied.

DISTRICT COURT
The district court was sitting as a reviewing court rather than a trial court and, in oral reasons which were made a part of the record, stated that the Board's Rule R.N.1-061(8), as a basis for disciplinary action, is broad enough to include "failure to follow procedures for the wasting of drugs." The court held that "the facts ... found by the Board of Nursing are certainly not arbitrary, capricious; ... they have been found upon testimony of witnesses, credibility of witnesses, and the Court will accept the findings of fact of the Board ... that Ms. Harper failed to follow proper procedure in handling the 10mg. of Morphine while employed as a supervisor at [the hospital] on the twenty-eighth of October, 1980" and "that she failed to properly dispose of Morphine and Demerol in at least 71 cases from January to December of 1982." In holding as it did, the court reasoned that La. R.S. 37:921, relative to disciplinary action "for other causes includes failure to properly waste drugs and the handling of drugs, i.e., ... it is not necessary that there be a statute defining wasting of drugs, and ... the fact that this lady was taught how to waste drugs and she failes (sic) to comply with it, ... constitutes a failure to practice nursing in accordance with the legal standards of the nursing practice" as set out in the Nurse Practice Act and rules promulgated thereunder as provided for by La. R.S. 37:918(D).
Appellant's contentions that the Board's findings of fact and conclusions of law are inconsistent with the charges, the evidence, "and the legal requirements" and that the district court erred in failing to find such inconsistency are discussed below under the heading "appellate review."

APPELLATE REVIEW
Neither this court nor the district court, which also sits as a reviewing court, is empowered to substitute its judgment for that of the Board if that decision has a rational basis and is supported by sufficient relevant and admissible evidence.
In reviewing facts in administrative proceedings, the manifest error or clearly wrong standard applies. The arbitrary, capricious, or abuse of discretion rule applies to review the punishment or disciplinary action. La. R.S. 49:964G(5) and (6); Walters v. Dept. of Police of New Orleans, 454 So.2d 106 (La.1984); Howard v. Housing Authority of New Orleans, 457 So.2d 834 (La.App. 1st Cir.1984); Robert Force and Lawrence Griffith, The Louisiana Administrative Procedure Act, 42 La.L.Rev. 1227, 1284-1287 (1982).
Appellant's first, second and fourth assignments of error are without merit.

*860 TIMELINESS OF THE BOARD'S CHARGES
Appellant contends the Board committed an error of law by refusing to dismiss the charges filed on February 14, 1983 because the acts forming the bases of the formal charges occurred "well over two years" before February 14, 1983. She concedes that no specific time period is provided in the Nurse Practice Act for bringing charges but argues that "in a spirit of fairness in the administrative proceedings some standard should be formulated by this Court." In support of her equitable argument, appellant analogizes her situation to actions for which prescriptive periods are provided in La. C.C. art. 3536 and La.C.Cr.P. art. 572.
The Board's complaint, the equivalent of a petition in judicial proceedings, alleged Ms. Harper to be unfit or incompetent because of specified acts of omission and commission, was filed on February 14, 1983. The allegations were based on an internal investigation conducted by Gayle Lemoine, R.N., the Director of Nursing Service at the hospital, late in 1982. Ms. Lemoine, Ms. Harper's superior, audited all records pertaining to administering of narcotics by Ms. Harper, the evening supervisor, and determined that she was involved in far more administerings of narcotics to patients than any other supervisor. In Ms. Lemoine's opinion, Ms. Harper improperly wasted narcotics "at least a hundred" times within three years prior to her termination on December 21, 1982. The Board found as a fact that Ms. Harper wasted narcotics on 71 occasions between January, 1982 and December 4, 1982. By "wasting" we are using the Board's definition, i.e., disposing of unused portions of drugs if the amount prescribed is less than the smallest quantity available from a particular health care provider's pharmacy.
Although the hospital's director of nursing service had been apprised of the morphine "pocketing" incident the day following its occurrence on October 28, 1980, the incident was not reported to the Board until the "improper wasting" from January to December, 1982 were communicated to the Board in December 1982. When Ms. Harper's repeated violations of the hospital's manual governing the hospital's requirements for disposing of unused drugs, i.e., "wasting," were discovered by the nursing director's audit-investigation, those violations and the morphine incident of October 28, 1980 were reported to the Board in December, 1982.
Appellant Harper cites no statute or case for the proposition that the morphine incident of October 28, 1980 was "stale" and should have been dismissed by the Board. No such authority exists, as shown by our research. This is a civil proceeding conducted initially by an administrative agency charged by law with the responsibility of governing the practice of registered nurses. The Board acts when information is imparted to it from whatever source the information comes and it cannot be expected to file a formal complaint unless it receives information which it deems reliable. "There is no prescription other than that established by legislation." La. C.C. art. 3457; Academy Park Improvement Association v. City of New Orleans, 469 So.2d 2 (La.App. 4th Cir.1985); Corbello v. Sutton, 446 So.2d 301 (La.1984). La. C.C. art. 3457; Academy Park, 469 So.2d 2 (La.App. 4th Cir.1985); Corbello v. Sutton, 446 So.2d 301 (La.1984). Appellant's argument is that we should "in a spirit of fairness" prescribe some limitation standard. We disagree. That argument more properly should be made to the Legislature. Thus, appellant's third assignment of error is without merit.

ALLEGED UNCONSTITUTIONALITY OF NURSE PRACTICE ACT
Appellant contends that La. R.S. 37:921 is "unconstitutionally overbroad and vague." She asserts the statute "denies the individual charged with notice of what standards her acts were violative of" and constitutionally required "[s]pecifity of the charge" is not provided for by the statute. Appellee Board counters the foregoing argument as follows:

*861 ... The Board did not see fit to charge her under any of the other paragraphs [of § 921], they charged her under C, but in an abundance of precaution, the charges particularized why she was unfit or incompetent by reason of negligence, habit or other causes and meticulously set out the time, the dates and places in which the allegations of unfitness or incompetence or negligence occurred.
... At no time did she make contention that she did not know of the charges. To the contrary, she subpoenaed witnesses to testify on the very points which were set out in the complaint....
Appellant was more than adequately represented in these proceedings by learned counsel, before the hearing was conducted and at the hearing, as well as at the district court and in this court. Her counsel began by obtaining answers to a bill of particulars and production of documents via Board subpoena duces tecum; at the hearing he extensively cross-examined the witnesses supporting the complaint and appellant's own witnesses generally supported her position.
The district court held, and we hold also, that the Nurse Practice Act, particularly § 921, is not unconstitutionally overbroad or vague and that appellant was accorded sufficient notice of the charges against her to meet the requirements of due process of law. One who attacks the constitutionality of a statute has the burden of proving its invalidity because a statute is presumptively constitutional. Appellant has not met the required burden of proof in this litigation. Thus, the fifth assignment of error is without merit.
We have reviewed the transcript of the proceedings before the Board, the exhibits introduced into evidence, and the applicable rules of the Board and we find no merit to any of plaintiff-appellant's assignments of error or argument. Accordingly, the judgment of the district court, affirming the findings and order of the Board of Nursing is affirmed. Plaintiff-appellant, Maxine Erma Harper, is cast for all costs in both the district court and this court.
AFFIRMED.