499 So.2d 246 (1986)
HOSPITAL CORPORATION OF AMERICA, and HCA Health Services of Louisiana, Inc., d/b/a Lafayette Community Hospital
v.
Sandra ROBINSON, M.D., Secretary Department of Health and Human Resources, Harvey J. Fitzgerald, Undersecretary Department of Health and Human Resources and the Department of Health and Human Resources, State of Louisiana.
No. 85 CA 0902.
Court of Appeal of Louisiana, First Circuit.
November 12, 1986.
Rehearing Denied January 12, 1987.
*247 Kathryn J. Lichtenberg, New Orleans, for plaintiff-appellant Hospital Corp. of America, and HCA Health Services of Louisiana, Inc., d/b/a Lafayette Community Hosp.
James Cobb, New Orleans, for intervenor-appellee Lafayette General Hosp.
Joseph Donchess, Dept. of Health and Human Resources, Office of General Counsel, Baton Rouge, for defendant-appellee Sandra Robinson, M.D., Secretary, Dept. of Health and Human Resources, Harvey J. Fitzgerald, Undersecretary, Dept. of Health and Human Resources, and the Dept. of Health and Human Resources, State of La.
Before SAVOIE, CRAIN and JOHN S. COVINGTON, JJ.
SAVOIE, Judge.
Plaintiffs, Hospital Corporation of America and HCA Health Services of Louisiana, Inc., d/b/a/ Lafayette Community Hospital (hereinafter referred to as HCA), appeal the trial court's affirmation of a final administrative decision denying approval of HCA's application for a Social Security Act Section 1122 Certificate of Need.[1]
*248 On May 3, 1982, HCA submitted to the Department of Health and Human Resources, Office of Licensing and Regulation, Division of Health Planning and Development (hereafter referred to as DHHR), an application for a Section 1122 Certificate of Need. Therein, HCA sought approval for the construction of a new 166 bed hospital in Lafayette, consisting of 158 medical/surgical beds, 8 intensive care beds/cardiac care beds, and a CT scanner. On May 6, 1982, HCA was notified by the DHHR that HCA's application for its Certificate of Need was declared complete and that the review period for the project would end on July 1, 1982. On July 2, 1982, by letter dated July 1, 1982, HCA received the DHHR's negative determination on its application for a Certificate of Need. Thereafter, a Fair Hearing on the DHHR's negative determination was timely requested. Therein, HCA also asked for continued reconsideration of its application pending appeal. On December 6, 1982, the DHHR reaffirmed its disapproval of HCA's application on reconsideration. Subsequently, HCA filed a motion for summary judgment, contending that its original application had been implicitly approved by the DHHR's failure to timely notify HCA of its determination. Thereafter, a Fair Hearing was held on December 15, 16, and 19, 1983 and January 30, 31, and February 1, of 1984. Lafayette General Hospital intervened, contending that it was an indispensable and necessary party thereto. Subsequently, a decision affirming the negative determination of the DHHR was rendered by the hearing officer.
HCA then sought judicial review of the final administrative determination pursuant to LSA-R.S. 49:964. On May 22, 1984, the DHHR filed exceptions of no cause of action, no right of action, lack of subject matter jurisdiction, prescription, mootness, prematurity, and failure to join an indispensable party. Said exceptions were overruled on December 28, 1984. Thereafter, oral argument was heard on the main demand by the trial court on April 30, 1985, which affirmed the hearing officer's negative determination. On May 9, 1985, the trial court signed the judgment, adopting the hearing officer's findings and conclusions and dismissing HCA's case.
HCA appeals, contending that the trial court, by its adoption of the hearing officer's findings and conclusions, erred in:
1. Disapproving HCA's application for a Section 1122 Certificate of Need, when as a matter of law, it should have been approved due to the DHHR's failure to give HCA timely notice of its decision.
2. Failing to approve HCA's application when the DHHR rendered an untimely judgment of HCA's motion for summary judgment, the untimeliness of which entitles the applicant to automatic approval.
3. Depriving HCA of a full and fair hearing by prejudicially excluding evidence that should have been admitted, including:
a. evidence of DHHR's prior decision and actions with respect to similarly situated applicants.
b. evidence of bed need based on population projections made during the period in which HCA should properly have been granted its request for reconsideration and which would have indicated substantial need for HCA's proposed facilities.
4. Affirming the disapproval of HCA's application through the use of methodologies which were wholly inconsistent with prior practices and established precedent in violation of administrative and constitutional law principles.
In brief, the DHHR additionally asserts that the trial court erred in denying its exceptions of no right of action, lack of subject matter jurisdiction, mootness, prematurity, and prescription.
*249 An appellee who seeks to modify, revise, or modify a judgment in part, must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record on appeal, whichever is later. LSA-C.C.P. art. 2133. Failure to appeal or answer an appeal precludes this court's consideration of any issues subsequently asserted in brief. Kel-Ken Investment Corporation v. Village of Greenwood, 418 So.2d 669 (La.App. 2d Cir.), reversed on other grounds, 428 So.2d 401 (La.1982); see also Jeansonne v. Leon Pickard Chevrolet, 447 So.2d 551 (La.App. 1st Cir.1984).
In the instant matter, the DHHR failed to appeal or answer HCA's appeal. Based thereon, we will not consider those assertions raised by the DHHR in brief. Kel-Kan Investment Corporation v. Village of Greenwood, supra; and Jeansonne v. Leon Pickard Chevrolet, supra.

HCA's ASSIGNMENT OF ERROR NO. 1
HCA first asserts that the trial court erred in affirming the hearing officer's disapproval of its Section 1122 Certificate of Need when as a matter of law, it should have been approved due to the DHHR's failure to give HCA timely notice of its decision. The pertinent provisions of the Code of Federal Regulations hereto provide that:
(4) [T]he designated planning agency shall, prior to the dates set out in the written notice of intention submitted pursuant to paragraph (A)(1) of this subsection as the expected date for the obligation of the proposed expenditure (but, subject to the provisions of paragraph (A)(3) of this section in no event later than ninety-days after receipt of such notice unless the person proposing the capital expenditure agrees to a longer period), provide written notification to the person proposing such capital expenditure... (iii) that such agency ... has determined that the proposed capital expenditure would not be in conformity with the standards, criteria, or plans described in 100.104(A)(2). (Emphasis added). 42 C.F.R. § 100.106.
Pursuant to paragraph (A)(1) of the above referenced section, the relevant Louisiana regulation provides that:
DHPD will then complete the review and send its findings and recommendations to the applicant, the secretary of DHEW, the Division of Licensing and Certification, and the Secretary of the Department of Health and Human Resources of Louisiana. This step shall be completed not more than ninety-days after the date DHPD has received the completed application unless the applicant has indicated an earlier date for obligation of the expenditure. However, a minimum of sixty-days must be alloted for completion of the review. (Emphasis added). Louisiana Register 113, Vol. 8, No. 2 (Feb. 20, 1982).
Failure of the designated planning agency to provide notification within the time limitations set forth above has the effect of finding that the planned capital expenditure is in conformity with the standards, criteria, and plans required for a Section 1122 affirmation. 42 C.F.R. § 100.106(A)(4)(iii)
Herein, the record reflects that the DHHR received HCA's application on May 3, 1982, and gave notice that it considered HCA's application complete on May 6, 1982. In a "best case" scenario, per regulation, the DHHR was required to give notice to HCA of its decision prior to August 1, 1982 (the ninety-day maximum period of review) but need not have given same prior to July 2, 1982 (the sixty-day minimum period of review). In the instant case, HCA received notification on July 2, 1982, that its application was rejected. We find this notice to have been timely given.
In brief, HCA contends that the DHHR's letter to it stating that the review period would end on July 1, 1982, mandates that HCA receive its required notification by that date. It contends that failure to receive same constitutes a finding of conformity with the required standards.
*250 We find that in view of the mandatory regulatory language setting forth the pertinent review periods herein, the DHHR did not abrogate those periods by its letter of intent to attempt to complete the review in a shorter period. We find that such notice was merely an attempt by the DHHR to keep applicants apprised of the date the DHHR hoped to have an answer sent to the applicants. Such attempt to streamline the notice process and keep the applicants informed does not bind the DHHR in view of the regulatory language. Accordingly, we find this assignment of error is without merit.

HCA's ASSIGNMENT OF ERROR NO. 2
HCA next contends that the trial court erred in not finding its application approved due to the DHHR's untimely rendition of a judgment on HCA's motion for summary judgment. Citing 42 C.F.R. § 100.106(C)(3), HCA contends that the DHHR's failure to provide notice within forty-five days after the conclusion of a hearing constitutes a finding of conformity of HCA's proposed capital expenditure.
42 C.F.R. § 100.106(C) provides in pertinent part:

In addition to any other hearing which may be provided by an agency described in 100.105 in connection with the review of a proposed capital expenditure under this sub part, the Agreement shall provide that the designated planning agency will grant to a person proposing a capital expenditure an opportunity for a fair hearing with respect to the findings and recommendations of the designated planning agency, and will establish and maintain procedures for such appeal. Such procedures shall include the following:
(C)(3) As soon as practicable, but not more than forty-five days after the conclusion of a hearing, the hearing officer shall notify the person who requested the hearing, the designated planning agency, the other agencies..., of his decision and the reasons therefore.... In the event that the hearing officer fails to provide notice as required above within forty-five days after the conclusion of a hearing, such failure to provide notice shall have the effect of a finding that the proposed capital expenditure is in conformity with the standards, criteria, and plans described in 100.104(A)(2). (Emphasis added).
This regulation explicitly provides that the hearing officer shall give notice of his decision within forty-five days after a "fair hearing." In the instant matter, HCA seeks to impose this forty-five day review period on a motion for summary judgment. Such logic flies in the face of the explicit regulatory language. Accordingly, we find that this assignment of error is without merit.

HCA's ASSIGNMENT OF ERROR NO. 3 & 4
HCA next contends that the trial court erred in concluding that the hearing officer had not deprived HCA of a full and fair hearing by prejudicially excluding certain evidence. Specifically, it contends that evidence of the DHHR's prior decisions with similarily situated applicants and evidence of bed need based on 1990 population projections rather than 1985 population projections should have been admitted into evidence. Further, HCA contends that the trial court erred in affirming the hearing officer's disapproval of HCA's application in that the DHHR used methodologies which were inconsistent with prior practices and established precedent in violation of administrative and constitutional principles. In essence, HCA contends that the facts indicate that its application was in conformity with the standards and criteria required for a finding of conformity. These issues constitute questions of fact.
In reviewing facts in administrative proceedings, the hearing officer's findings are entitled to great weight and will not be disturbed on appeal absent manifest error. See Harper v. Louisiana State Board of Nursing, 484 So.2d 857 (La.App. 1st Cir. *251 1986). Equally settled is that judicial review where some evidence, as reasonably interpreted, supports the regulatory bodies' determination, the orders of the Commission and other regulatory bodies exercising discretionary authority are accorded great weight and will not be overturned on appeal absent a clear showing that the administrative action is arbitrary and capricious. Baton Rouge Water Works Company v. Louisiana Public Service Commission, 342 So.2d 609 (La.1977), cert. denied, 434 U.S. 827, 98 S.Ct. 105, 54 L.Ed.2d 86 (1977).
The record reflects that HCA's application was rejected based upon four grounds, namely, to-wit:
1. The proposal did not conform to the applicable state health plan goals, objectives and recommendation actions relative to general hospitalsbed supply,
2. The proposal did not conform to the applicable health systems plan objectives relative to general medical services,
3. A less costly alternative to the proposal was available by utilizing existing facilities in the service area, and
4. The proposal would aggravate the existing shortage of professional staff in the health service area.
With respect to HCA's claim regarding ground number one, HCA in essence contends that had the DHHR utilized the 1990 population projections, its application would have been approved as to bed need. Moreover, it contends that the DHHR's selective use of said 1990 population projections in other Section 1122 applications concurrently being determined with the instant case, indicated the DHHR's inconsistent use and application of criteria determinative methodologies.
We note that the Section 1122 program was intended to curb health care costs by providing a single comprehensive criteria-determinative policy in which all applicants would be equally and fairly treated. Consistent therewith, it is incumbent that the standards against which all applicants are judged be the same. We find, and the record supports, that while 1985 population projections were used to determine bed need/supply in the instant case, 1990 projections were being used concurrently in other applications within the state. Based thereon, we find that the trial court erred in failing to find that the hearing officer erred in not admitting same into evidence and considering such in her determination. Nevertheless, for the reasons below, we find that the record adequately reflects sufficient evidence to support the hearing officer's findings that HCA's application failed to meet the standards and criteria required for a finding of conformity of a Section 1122 Certificate of Need.
The record reflects that HCA, the DHHR, and Lafayette General adduced evidence with respect to past, current, and projected manpower supply in the nursing field in the Lafayette area. Testimony was adduced that the current nursing shortage required the current workforce to work double shifts on more than a casual basis. Further, evidence was given that Lafayette General now hires nurses from outside of Louisiana to come in for short periods of time to cover certain shifts and wards.
As to a less costly alternative, the record reflects that Lafayette General can at a lower cost than the construction of HCA's proposed facility, complete construction of a previously constructed "shell building." Lastly, we find that evidence was adduced that supports the DHHR's contention that HCA's proposal did not conform to the applicable health systems plan objectives.
When viewing the record as a whole, we cannot say the trial court erred in affirming the hearing officer's denial of the Section 1122 Certificate of Need, there being no arbitrary and capricious action on her part.
For the above and foregoing reasons, judgment of the trial court is hereby affirmed. All costs are to be paid by appellant, Hospital Corporation of America, and HCA Health Services of Louisiana, Inc., d/b/a Lafayette Community Hospital.
AFFIRMED.
NOTES
[1] In 1972, the U.S. Congress amended the Social Security Act in an attempt to curtail spiraling costs of health care in the United States. That amendment, in 42 U.S.C. § 1320a-1, is commonly known as Section 1122. Pursuant to same, the Secretary of the U.S. Department of Health and Human Services (DHHS) entered into a written agreement with the State of Louisiana, acting through the Division of Health, Planning and Development (DHPD) under which DHPD was named as the state designated planning agency (DPA). Section 1122 is a program designed to curb unnecessary capital expenditures by hospitals and other health care facilities. Health care providers are required to secure advance approval from state designated planning agencies for capital expenditures in order to be reimbursed with federal funds. See Lifemark Corporation v. Gussinger, 416 So.2d 1279 (La.1982).