JENNIFER W. ELROD, Circuit Judge,
concurring in the judgment:
We must decide which of two Louisiana prescriptive provisions applies to an insurable interest action under Louisiana Revised Statutes Section 22:613(b). Louisiana Civil Code article 3499 provides that “[ujnless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” It is undisputed that this period applies unless a stricter one does. The only provision alleged to do so is Civil Code article 3492. It provides that: “Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.” At the parties’ urging, the court has decided which article to apply by analogizing the insurable interest action to other actions for which the appropriate prescriptive period is undisputed. This tracks the approach we took to similar issues, under Texas law, in Mayo v. Hartford Life Insurance Co., 354 F.3d 400 (5th Cir.2004). I agree with the court’s disposition of this case, but I write separately because I believe Louisiana law calls for a mode of analysis different from the reasoning by analogy that was appropriate in Mayo.
A federal court applying Louisiana law must focus its analysis on Louisiana legislation. Our task in a diversity action is to apply the affected state’s law, including law “declared by its Legislature in a statute or by its highest court in a decision.” Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Where such a source does not directly decide the question, we decide it as we predict the highest court of the affected state would. See First Nat’l Bank of Durant v. Trans Terra Corp. Int’l, 142 F.3d 802, 806 (5th Cir.1998). Erie analysis under Louisiana law has “special dimensions because of [the] unique Civilian tradition,” such that “the Erie obligation is to the Code” and caselaw constitutes “secondary information.” See generally Songbyrd, Inc. v. Bearsville Records, Inc., 104 F.3d 773, 776-77 (5th Cir.1997). The Louisiana Supreme Court looks first to codified law, and guards Louisiana jurisprudence against unnecessary common-law encroachment. See, e.g., Dual Drilling Co. v. Mills Equip. Invs., Inc., 721 So.2d 853, 856 (La.1998). Likewise, where the Louisiana Civil Code provides the means to dispose of a question, a federal diversity court must at least begin the analysis there, rather than analogizing to similar issues in Louisiana or other jurisdictions’ case law.
In my opinion, it is not appropriate to determine the applicable prescriptive period in this case by analogy. Instead, Louisiana law requires us to directly inquire whether the stricter of the two prescriptive provisions applies. Civil Code article 3457 provides that “[t]here is no prescription other than that established by legislation.” For this reason, “[prescriptive pe *348 riods may not be extended by analogy.” Caldwell Parish Police Jury v. Town of Columbia, 930 So.2d 65, 69, rev’d on other grounds on reh’g, 938 So.2d 75 (La.App.2d Cir.2006). Likewise, a long line of Louisiana eases holds it is “well settled that prescription is stricti juris and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law.” Duer & Taylor v. Blanchard, Walker, O’Quin & Roberts, 354 So.2d 192, 194 (La.1978); see also Bunge Corp. v. GATX Corp., 557 So.2d 1376, 1380 (La.1990); Acad. Park Improvement Ass’n v. New Orleans, 469 So.2d 2 (La.App. 4th Cir.1985), writ denied, 475 So.2d 361 (La.1985)). But see Dean v. Hercules, Inc., 328 So.2d 69, 72 (La.1976) (looking “to the closest analogous situation provided for in the Code,” to determine a prescriptive period, though ultimately determining that the disputed action was not merely “associated with” a similar action, but “constitute[d] fault within the meaning of’ the relevant code section.) “[LJimitative statutes cannot be extended by analogy” because it would violate the constitutional principle of open courts. Acad. Park, 469 So.2d at 4. The party raising an exception of prescription — Wal-Mart in this case— has “the burden of proving that the claim has prescribed.” Dominion Exploration & Prod., Inc. v. Waters, 972 So.2d 350, 357 (La.App. 4th Cir.2007). Prescriptive statutes are strictly construed against prescription. Lima v. Schmidt, 595 So.2d 624, 629 (La.1992). Thus, in order for article 3492 to apply, Wal-Mart bears the burden to demonstrate that article 3492 governs the insurable interest action.
Wal-Mart fails to meet that burden. By its text, article 3492 applies only to “[d]el-ictual actions,” entailing “injury or damage” to the defendant. See also Saul Lit-vinoff, Obligations § 5.2, in 6 Louisiana Civil Law Treatise (2d. ed. 1999) (“[D]el-ictual fault [is] generally understood as a neglect of the duty to abstain from causing damage to another”). The insurable interest action does not remedy damage to the defendant, who is left no worse off financially than if the disputed policy never existed. Wal-Mart paid the premiums on the policy it took out, and did not prevent Bruney (or Richard) from taking out a separate, personal policy. Assuming liability under the statute, Wal-Mart would turn over the policy proceeds not because Wal-Mart caused harm or injury in that amount, but simply because Wal-Mart obtained the money in a manner that the Louisiana statute does not permit. Cf. Tillman ex rel. Estate of Tillman v. Camelot Music, Inc., 408 F.3d 1300, 1309 (10th Cir.2005) (applying similar reasoning under Oklahoma law). Because the insurable interest action is thus not “delictual” for purposes of article 3492, the one year prescriptive period does not apply.
Accordingly, I respectfully concur in the judgment.