Judgment rendered August 9, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,230-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

CHEMICAL INSULATION CO., INC.          Plaintiff-Appellant

versus

ARCO BUILDERS, INC.          Defendant-Appellee

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2022-0866

Honorable Daniel J. Ellender, Judge

* * * * *

DAVID O. MOONEY          Counsel for Appellant


DAVENPORT, FILES & KELLY, LLP          Counsel for Appellee
By: M. Shane Craighead


* * * * *

Before PITMAN, ROBINSON, and MARCOTTE, JJ.

MARCOTTE, J.

This appeal arises from the Fourth Judicial District Court, Parish of Ouachita, the Honorable Daniel J. Ellender presiding. Chemical Insulation Co., Inc. ("Chemical" or "appellant") appeals the trial court's granting of the peremptory exception of peremption filed by Arco Builders, Inc. ("Arco" or "appellee"), finding that Chemical's claim was time-barred under La. R.S. 9:2772, since it was brought after the statute's five-year peremptive period for claims arising out of a construction project had run. For the following reasons, we affirm.

## FACTS

The facts are not in dispute. Arco undertook a construction project for the West Carroll Memorial Hospital in Oak Grove, West Carroll Parish, Louisiana, in 2013. Arco then subcontracted with Chemical to provide roofing services on the project. The project was completed on or before April 30, 2014, and was occupied by the owner in May 2014.

More than seven years later, on March 16, 2022, Chemical filed suit against Arco seeking to recover amounts it claimed were owed by Arco pursuant to the contract to provide roofing services on the construction project. In its petition, Chemical alleged that it fully performed the roofing services contemplated by the contract but that Arco only paid $69,995.70, rather than the full amount owed of $77,773. Chemical claimed it was owed $7,777.30 plus legal interest.

Arco filed its answer on April 20, 2022, denying that it owed any money to Chemical. Arco asserted that, contemporaneously with the roofing services contract in West Carroll Parish, Chemical contracted with Arco to provide roofing services on a nursing home renovation project in

Natchitoches, Louisiana. Arco claimed that Chemical performed the work in an unworkmanlike manner, resulting in significant monetary damages to Arco, including protracted litigation. Arco further claimed that although the damages caused by Chemical to Arco remain unsatisfied, Arco applied the law of compensation to a portion of Chemical's obligation to Arco by offsetting amounts held as retainage on the West Carroll Memorial Hospital project.

In its answer, Arco also affirmatively pled the provisions of La. C.C. art. 1893, which concerns the extinguishment of an obligation by compensation, as well as La. R.S. 9:2772, which establishes a peremptive period for actions arising out of construction projects.

On May 9, 2022, Arco filed its peremptory exception of peremption and memorandum in support thereof. In its exception, Arco reiterated its position that it owes Chemical nothing based upon the law of compensation, but stated that regardless of its defense on the merits, Chemical's claim is perempted pursuant to La. R.S. 9:2772, which establishes a five-year peremptive period for contractual disputes between general contractors and subcontractors. Arco argued that Chemical's claims against Arco arising from the West Carroll Memorial Hospital project were extinguished five years from when the owner occupied the facility after the project was completed.

On September 15, 2022, Chemical filed its memorandum in opposition to Arco's exception of peremption. In its opposition, Chemical asserted that its claim is timely because the applicable prescriptive period is ten years under La. C.C. art. 3457. Chemical claimed that the five-year peremptive period under La. R.S. 9:2772 does not apply, because that statute

only considers actions involving deficiencies in construction, not claims for an unpaid debt by a general contractor. Chemical further asserted that the cases cited by Arco in support of its exception are distinguishable in that they all involve claims against a general contractor arising from construction defects, which is not the case here.

On September 19, 2022, Arco filed its reply memorandum in support of its peremptory exception. Arco asserted that just because La. C.C. art. 3457 contains a broad prescriptive period of ten years for contractual obligations does not mean that the court should not apply the specific peremptive period of five years to claims arising from the construction of immovables. Regarding Chemical's attempt to distinguish the cited cases, Arco pointed out that in each case, the provisions of La. R.S. 9:2772 were applied to claims between general contractors and subcontractors arising from those parties' contracts relating to the construction of immovable property.

On September 23, 2023, the trial court held a hearing on Arco's peremptory exception and ruled in favor of Arco. In its oral ruling, the trial court held that Chemical's claim was perempted by La. R.S. 9:2772 because subsection (B)(3) of the statute extends to "every demand" whether brought by the owner or "any other person." Chemical now appeals.

## DISCUSSION

Chemical's sole assignment of error is that the trial court erred in granting Arco's exception of peremption. Chemical argues that the trial court erred because La. R.S. 9:2772 does not apply to a contractual claim for payment brought against a general by a subcontractor completely unrelated

3

to any deficiencies in construction. Appellant's argument focuses on the reason given by the legislature for the creation of the statute in 1964:

> To amend Title 9 of the Louisiana Revised Statutes of 1950 by adding a new section to be designated as Section 2772, limiting the time within which actions may be brought for deficiencies in design, planning, inspection, supervision or construction of improvements to immovable property or for property damage, personal injury or wrongful death arising from any such deficiency."

Chemical claims that because the reason given for creating the statute mentions workmanship deficiencies, the statute is only meant to cover actions arising from such deficiencies.

Chemical also argues that the title of the statute, "peremptive period for actions involving deficiencies in surveying, design, supervision, or construction of immovables and improvements thereon," means that it only applies to claims arising from deficiencies in the areas covered by the statute. Chemical's argument is essentially that since its claim is strictly one for services rendered on a construction project, it is not subject to the five-year peremptive period of La. R.S. 9:2772, which only extends to claims involving workmanship deficiencies. Appellant asks this court to reverse the trial court's judgment and remand the matter for further proceedings.

Appellee's argument focuses on the plain language of La. R.S. 9:2772, which specifically states that it applies to contractual claims and any claims "otherwise arising out of" a construction project of an immovable. Appellee also argues that subsection (B)(3) of the statute clarifies that except as otherwise provided within the statute, the "peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person."

4

Arco argues that Chemical's claim about the meaning of the statute's title is unfounded, since La. R.S. 1:13 specifically provides that "headings to sections, source notes, and cross references are given for purposes of convenient reference and do not constitute part of the law." Arco's argument is essentially that the language of the statute is clear that actions arising from the construction of immovables are perempted upon the passage of five years after occupation of the improvement by the owner, and it is undisputed that Chemical filed its claim beyond the five-year period. Appellee requests this court to affirm the trial court's ruling sustaining its peremptory exception of peremption.

Peremption is a period of time fixed by law for the existence of a right. La. C.C. art. 3458. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by effect of law, and hence this exception tends to dismiss or defeat the action. La. C.C.P. art. 923. Peremption may not be renounced, interrupted, or suspended. La. C.C. art. 3461.

When the peremptive period has run, the cause of action itself is extinguished unless timely exercised. *Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So. 3d 1065. The rules governing the burden of proof as to prescription apply to peremption. *Mgmt. Grp. Four, L.L.C. v. L B Elec., L.L.C.*, 54,550 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1123, *writ denied*, 22-01160 (La. 11/1/22), 349 So. 3d 6. If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Id.*

A judgment granting a peremptory exception of peremption is generally reviewed *de novo*, because the exception raises a legal question

and involves the interpretation of a statute. *Thrasher Const. v. Gibbs Residential, L.L.C.*, 15-0607, p. 6 (La. App. 4 Cir. 6/29/16), 197 So.3d 283.

Arco asserts that Chemical's claim is perempted pursuant to La. R.S. 9:2772, which provides, in pertinent part:

> A. Except as otherwise provided in this Subsection, no action, whether ex conctractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages or otherwise arising out of an agreement of planning, construction, design or building immovable . . . property shall be brought against any person performing or furnishing . . . the design, planning, supervision, inspection or observation of construction or the construction of immovables . . .
> …
> (1)(b) . . . more than five years after the improvement has been thus occupied by the owner.
> …
> (B)(3) Except as otherwise provided in Subsection A of this Section, this peremptive period shall extend to every demand, whether brought by direct action or for contribution or indemnity or by third-party practice, and whether brought by the owner or by any other person.

Chemical claims that this statute does not apply to a contractual claim for payment brought against a general contractor by a subcontractor that is unrelated to any deficiencies on the project. The plain language of the statute indicates otherwise. La. R.S. 9:2772 specifically states that it applies to contractual claims ("*ex contractu*"). Furthermore, included within the statute's ambit are claims "including but not limited to any action . . . to recover on a contract." Thus, not only does it specifically include contractual claims, but its applicability further reaches to any claims "otherwise arising out of" a construction project of an immovable. Moreover, section (B)(3) of the statute provides that the five-year peremptive period extends to "every demand . . . whether brought by the owner or by any other person."

6

Legislation is the solemn expression of legislative will. La. C.C. art. 2. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9.

Here, it is undisputed that Chemical filed its claim more than five years from when the owner occupied the improvement. We must apply the law as written. Thus, according to the clear and unambiguous language of La. R.S. 9:2772, Chemical's claim is perempted.

We are unpersuaded by Chemical's assertion that La. R.S. 9:2772 does not apply because there is no claim of any deficiency. Chemical invites the court to seize upon the inclusion of the word "deficiencies" in the heading of La. R.S. 9:2772, but the reality is that the word "deficiencies" is not a limitation contained within the clear language of the statute. Moreover, "headings to sections, source notes, and cross references are given for purposes of convenient reference and do not constitute part of the law." La. R.S. 1:13. In other words, the inclusion of the word "deficiencies" in the title of La. R.S. 9:2772 is not a source of law.

We are similarly unpersuaded by the cases relied upon by Chemical in support of its argument. Chemical cited *Bungee Corp. v. GATX Corp.*, 557 So. 2d 1376 (La. 1990), for the proposition that La. R.S. 9:2772 only applies to cases of deficiencies in construction projects. However, *Bungee, supra,* actually stands for the proposition that "failure to warn" claims were not included within the ambit of the statute as it read at that time. The legislature responded by amending the statute to specifically include an

7

"action for failure to warn." La. R.S. 9:2772(A). *See also* La. R.S. 9:2772(B)(2).

Chemical also cited *Academy Park Improvement Ass'n v. City of New Orleans*, 469 So. 2d 2 (La. App. 4 Cir. 1985), *writ denied sub nom. Academy Park Improvement Ass'n v. City of New Orleans*, 475 So. 2d 361 (La. 1985), and *State v. Henderson*, 22-0405, (La. App. 1 Cir. 12/15/22), __ So. 3d __, 2022 WL 17688337, both of which are inapposite. *Academy Park Improvement Ass'n v. City of New Orleans* involved a claim which alleged fraud against an improvement association, and La. R.S. 9:2772 expressly excepts allegations of fraud from its application. *State v. Henderson, supra,* involved a claim against a homeowner to recover funds which had been paid to her via a grant to rebuild her home, and the applicability of La. R.S. 9:2772 was not at issue.

The gravamen of Chemical's argument is that because the heading of La. R.S. 9:2772 includes the word "deficiencies," the otherwise clear language of the statute itself should be ignored and its application be limited to construction deficiencies. The heading, however, does not constitute part of the statute.

The language of the statute is clear: actions arising from the construction of immovables are preempted upon the passage of five years after occupation of the improvement by the owner. The facts of this case are likewise clear: Chemical filed its claim more than five years after the owner occupied the West Carroll Memorial Hospital project. Therefore, the trial court did not err in sustaining Arco's peremptory exception of peremption and Chemical's sole assignment of error is without merit.

8

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court in favor of Arco Builders, Inc., and against Chemical Insulation, Inc., granting Arco's peremptory exception of peremption.  All costs of this appeal are assessed to appellant.

**AFFIRMED.**