|2PARRO, j.
In this case concerning a fee dispute between two attorneys, one attorney appeals from the trial court judgment on the principal demand that divided equally a contingent fee between him and the other attorney based on an oral fee-sharing agreement. For the following reasons, the judgment of the trial court on the principal demand is reversed.

Facts and Procedural History

Attorneys James A. Dukes (Dukes) and Gordon W. Matheny (Matheny) enjoyed a close personal and professional relationship for fifteen or more years. For many years, Dukes shared Matheny’s office space, a secretary, office supplies, and equipment, with the agreement that Dukes would not handle any personal injury cases. During that time, the two men often referred cases to one another, sharing the collected fees on a 50/50 basis *519 pursuant to an oral understanding. One of the personal injury cases Dukes referred to Matheny concerned an automobile accident in which Paul M. Maklary’s wife was involved. Dukes had a longtime friendship with Maklary and had previously formed an attorney-client relationship with him.
In September 1996, Maklary was injured in an industrial accident while employed as an electrician at a plant operated by Payne & Webber. The accident involved the release of a poisonous gas at the job site. Someone approached Mak-lary about being represented by the law office of Don Carmouche in connection with the accident. Maklary indicated he was not interested. After going to see Dukes at his new office,[2] Maklary signed a retainer agreement with Matheny on August 25, 1997. Although Dukes’ name was placed in the “referred by” portion of the retainer agreement, he was not a party to the agreement. Subsequently, Matheny partnered with Don Carmouche (Car-mouche) because of his familiarity with the litigation involving this industrial accident. Maklary was later contacted by Car-mouche, who advised Maklary that he would now be representing Maklary in the suit involving the industrial accident, pursuant to an agreement that Matheny had with Carmouche.
1¡¡Maklary eventually settled his suit for $700,000, generating a total legal fee of $272,125.74. Pursuant to the agreement between Carmouche and Matheny, the legal fee was divided on a 50/50 basis between Carmouche and Matheny. When Dukes inquired about his portion of the fee, Matheny took the position that he was not entitled to share in the fee. Subsequently, Dukes’ attorney sent a letter to Matheny demanding payment of 50 percent of the total fee in accordance with their handshake, fee-sharing agreement, which allegedly was in the nature of a joint venture. Initially, Dukes maintained that Matheny did not have authority to dilute the fee by bringing Carmouche into the arrangement.
Dukes filed a petition for declaratory judgment against Matheny based on the handshake agreement between these attorneys to split fees on matters referred to each by the other. Matheny maintained that no referral and/or fee-sharing agreement existed at the time Maklary retained him to pursue his chemical exposure claim. After a trial in this matter, the trial court found that Dukes was entitled to a referral fee equal to one half of the fee collected by Matheny in the Maklary matter. Subsequently, a judgment was entered in Dukes’ favor for a net sum of $49,262.02 against Matheny.[3] This appeal followed. On appeal, Matheny contends that the trial court manifestly erred in finding that he owed compensation and/or a referral fee to Dukes in the Maklary matter. He further argues that the trial court legally erred in not applying Rule 1.5(e) of the Rules of Professional Conduct.

Applicable Law

Louisiana courts have generally refrained from examining professional contracts between attorneys who agree to share legal fees to determine whether one attorney performed more work than the other. Rice, Steinberg, & Stutin, P.A. v. Cummings, Cummings & Dudenhefer, 97-1651 (La.App. 4th Cir.3/18/98), 716 So.2d 8, 12, writ denied, 98-1328 (La.6/26/98), 719 So.2d 1288. A joint venture theory was *520 used by the court in McCann v. Todd, 203 La. 631, 14 So.2d 469 (1943), to resolve an attorney [4fee division dispute where the attorneys had jointly undertaken to represent their client in a lawsuit. The court in McCann recognized that absent an agreement to the contrary, the attorneys are entitled to share equally in the compensation. In such a case, the amount of time and labor furnished by the two attorneys is immaterial to the division of fees. McCann, 14 So.2d at 472. The courts have continued to apply the joint venture theory to uphold an agreement to share fees where two attorneys have executed a single contingency fee contract with the client. In such cases, the finding of a joint venture has been based on the fact that neither attorney has been discharged and both were actively involved in the case and remained responsible to their client. See DeFrancesch v. Hardin, 510 So.2d 42, 45 (La.App. 1st Cir.), writ denied, 513 So.2d 819 (La.1987); see also Krebs v. Mull, 97-2643 (La.App. 1st Cir.12/28/98), 727 So.2d 564, 569, unit denied, 99-0262 (La.3/19/99), 740 So.2d 119; Rice, Steinberg, & Stutin, P.A., 716 So.2d at 11; Fontenot & Mitchell v. Rozas, Manuel, Fontenot & McGee, 425 So.2d 259 (La.App. 3rd Cir.1982), unit denied, 432 So.2d 268 (La.1983).
Furthermore, in Scurto v. Siegrist, 598 So.2d 507 (La.App. 1st Cir.), unit denied, 600 So.2d 683 (La.1992), the retained attorney had entered into an agreement with another attorney to divide the legal fee. The retained attorney who sought to recover his share of the contingency fee, Scurto, was obligated by the agreement to manage the client, as well as to advance costs. Furthermore, Scurto was actively and continually involved with the case by frequently communicating with the client, advancing all expenses he was requested to pay, researching jurisprudence and statutory law, and attending depositions on behalf of his client. Scurto, 598 So.2d at 510. In light of the evidence presented, this court found that the attorneys were in a Duer situation, that is, two attorneys not of the same firm jointly representing a client. See Duer & Taylor v. Blanchard, Walker, O’Quin & Roberts, 354 So.2d 192, 194-195 (La.1978). This court held in Scurto that, because the retained attorney had associated, employed, or procured the employment of the other attorney to assist him in handling a case involving a contingency fee, the agreement regarding the division of the contingency fee was a joint venture. Scurto, 598 So.2d at 510. The court further | Indicated that the Rules of Professional Conduct do not prohibit the enforcement of such an agreement and would not require the apportioning of the fee on a quantum meruit basis when the attorneys are in a Duer situation. Scurto, 598 So.2d at 510. Accordingly, the agreement between the attorneys to divide the fee was held to be valid and enforceable. Scurto, 598 So.2d at 510.
However, the courts have declined to apply the joint venture theory to support an equal division of the fee when the attorneys have not been jointly involved in the representation of the client. See Brown v. Seimers, 98-694 (La.App. 5th Cir.1/13/99), 726 So.2d 1018, 1022, writ denied, 99-0430 (La.4/1/99), 742 So.2d 556; see also Matter of P & E Boat Rentals, Inc., 928 F.2d 662, 665 (5th Cir.1991). Rather, the apportionment of the fee in those types of cases has been based on quantum meruit. Brown, 726 So.2d at 1023. Such a ruling is in accord with Rule 1.5(e) of the Rules of Professional Conduct, which provides that lawyers not of the same firm may divide a fee only if:
(1) the division is in proportion to the services performed by each lawyer or, by written agreement with the client, each lawyer assumes joint responsibility for the representation;
*521 (2) the client is advised of and does not object to the participation of all the lawyers involved; and
(3) the total fee is reasonable.

Division of Fee

Dukes submitted that his relationship with Matheny was a joint venture, entitling him to 50 percent of the contingency fee collected by Matheny in the Maklary case. Matheny denied the continued existence of this relationship based on the relocation of Dukes’ law office. Furthermore, Matheny maintained that even if their prior relationship had continued, such agreement was not enforceable under Rule 1.5(e) of the Rules of Professional Conduct.
The award of 50 percent of the fee was made to Dukes by the trial court as a referral fee. In making its award, the trial court apparently found that an oral agreement existed between Dukes and Matheny for a 50 percent referral fee. Based on their established relationship, the trial court seemingly found that such agreement | ficontinued in effect even after Dukes moved his office from Matheny’s building. Notably, the law does not provide a basis for recovering a fee for the referral of a legal matter by one attorney to another. To be entitled to recover a portion of the contingency fee generated in a referred matter, the referring attorney must participate in the representation of the client. See Bertucci v. McIntire, 96-933 (La.App. 5th Cir.3/25/97), 693 So.2d 7, 8.
This is not a case where Dukes procured the employment of Matheny to assist him in the Maklary case. There is no dispute as to the level of Dukes’ involvement in this case. The evidence indicates that outside of the referral, Dukes had little, if any, involvement in this case. Therefore, we conclude that the Duer and Scurto decisions are not controlling in the present case. Since the parties’ agreement did not provide for the joint representation of Maklary, the joint venture theory is inapplicable to the facts of this ease.
Accordingly, in the absence of joint representation and a written agreement with the client, if an oral agreement to divide a fee existed in this case, the fee could be divided only on a quantum meruit basis. See Rules of Professional Conduct, Rule 1.5(e)(1); Brown, 726 So.2d at 1022; Matter of P & E Boat Rentals, Inc., 928 F.2d at 665. Matheny maintains that under a theory of quantum meruit, Dukes is not entitled to any amount since, other than allegedly making the initial contact with Maklary, Dukes had no involvement in the case. Alternatively, he argues that the amount awarded to Dukes by the trial court is excessive.
On a quantum meruit basis, Dukes may receive payment only for the services he performed and the responsibilities he assumed. See Matter of P & E Boat Rentals, Inc., 928 F.2d at 664; Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978). The factors detailed in Rule 1.5(a) of the Rules of Professional Conduct guide the determination of the fair value of the contributions of each attorney. These factors include the time and labor required, the novelty and difficulty of the issue, the skill required, the likelihood that acceptance of the work might prevent the attorney from 17accepting other opportunities, and the experience, reputation, and abilities of the attorney.
The record reveals that Matheny’s firm assumed total responsibility for Maklary’s case, just as it had done for the personal injury cases that had been previously referred to it by Dukes. Matheny testified that Dukes never called to inquire about the status of the case. Dukes did not *522 contact Matheny about Maklary’s case until after it had settled, and even then, he was simply inquiring about his fee, rather than about anything substantive concerning the case. In fact, Dukes and Maklary conceded that Matheny performed all of the work in the case insofar as the relationship between Dukes and Matheny is concerned. Accordingly, the record supports the conclusion that Dukes had no hands-on participation in this case. Furthermore, there is no evidence in the record that Dukes vouched for and assumed responsibility for the quality of the work performed by Matheny.
Based on the evidence presented, we conclude that Dukes failed to prove that he was entitled to a portion of the net fee received by Matheny in the Maklary matter. Having neither performed any services nor assumed any responsibilities, Dukes was not entitled to any portion of the fee received by Matheny. The fact that Maklary believed that Dukes was available if Maklary needed him does not change the fact that Dukes neither assumed any responsibilities nor performed any services in this case.[4] Therefore, we conclude that the 50 percent apportionment as determined by the trial court was clearly wrong and legally incorrect.

Decree

For the foregoing reasons, the judgment of the trial court on the principal demand is reversed. In all other respects, the judgment is affirmed, such that Gordon W. Matheny is owed $26,694.67 as of November 30, 2001, with legal interest beginning |son November 30, 2001.[5] Costs of this appeal are assessed to James A. Dukes.
REVERSED IN PART; AFFIRMED IN PART.

. In January or February 1997, Dukes had moved his office from Matheny’s building.

. The trial court offset the award to Dukes on his principal demand by the amount of the award to Matheny on his reconventional demand.

. The record reflects that the client, Maklary, did not object to Dukes’ participation or to the lack of such participation.

. The judgment actually awarded Dukes a net sum of $49,262.02 in attorney fees, which sum was the difference between the gross amount of $75,956.69 owed by Matheny on the principal demand as of November 30, 2001, and the gross amount of $26,694.67 owed by Dukes on the reconventional demand as of November 30, 2001. Since we are reversing the judgment with respect to the principal demand, the effect of our opinion is to affirm the judgment insofar as it awards Matheny on his reconventional demand the amount of $26,694.67 as of November 30, 2001.