**DUER & TAYLOR, Plaintiff-Appellant,**

v.

**BLANCHARD, WALKER, O'QUIN & ROBERTS, Defendant-Appellee.**

No. 77–1358

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1977.

Arthur E. McInerney, New York City, for Duer & Taylor.

Jerald L. Perlman, Randall S. Davidson, Marlin Risinger, Jr., Shreveport, La., for Blanchard, Walker, O'Quin, & Roberts.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

This diversity appeal presents a question concerning the construction of a Louisiana limitations statute. Case law of Louisiana provides no precise precedent. Because the Supreme Court of Louisiana is the source of ultimate authority in this diversity case, we certify the question to it. *See* Brown, *Certification-Federalism in Action*, 7 Cumberland L.Rev. 455 (1977).

CERTIFICATE FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF LOUISIANA, PURSUANT TO § 13:72.1, LOUISIANA REVISED STATUTES, 1972, and RULE XII, LOUISIANA SUPREME COURT RULES.

(1) *Style of the Case*

The style of the case in which this certificate is made is Duer & Taylor, plaintiff-appellant, versus Blanchard, Walker, O'Quin & Roberts, defendant-appellee, Case No. 77–1358, United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Western District of Louisiana.

(2) *Statement of Facts*

In 1965, Gloria C. McGehee and Powell Crichton, Jr. retained the New York law firm of Duer & Taylor to represent them as claiming heirs in the Succession of Kate Crichton Gredler in Louisiana. Duer & Taylor associated the Louisiana law firm of Blanchard, Walker, O'Quin & Roberts to perform certain legal services. The exact terms of the contract of affiliation are in dispute. Mrs. McGehee and Mr. Crichton eventually succeeded in securing their claimed rights to the succession. They obtained a judgment of possession on April 2, 1971. The contingent attorneys' fee payable to the Louisiana law firm consisted of a share of the property. It was paid by an assignment of rights and the judgment of possession recognized the attorneys' interest, thus satisfying the debt of Mrs. McGehee and Mr. Crichton for attorneys' fees.

On June 12, 1975, the New York firm of Duer & Taylor commenced an action against the Louisiana attorneys, Blanchard,

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Walker, O'Quin & Roberts, seeking a share of the fee. The defendant law firm moved for summary judgment on the ground that the claim was prescribed by the Louisiana limitations statute.[1] La.Civ.Code Ann. art. 3538 (West 1953) provides:

> The following actions are prescribed by three years:
>
> .     .     .     .     .
>
> That of  .  .  . attorneys for their fees and emoluments.

The district court granted the requested summary judgment, holding the prescrip-

tion applies to actions by one attorney against another for a share of the fees collected from a client, as well as to suits by an attorney against a client.

**(3)** *Question to be Certified*

WHETHER OR NOT LOUISIANA CIVIL CODE ART. 3538 PRESCRIBES AN ACTION BY ONE ATTORNEY AGAINST ANOTHER FOR A SHARE IN A FEE COLLECTED MORE THAN THREE YEARS BEFORE THE ACTION WAS BROUGHT.[2]

---

1. The defendant also moved for summary judgment on the ground the agreement had to be in writing, and was not. The district court found it unnecessary to reach that question and therefore we do not include it as a certified question.

2. The particular phrasing used in the certified question is not to restrict the Supreme Court's consideration of the problem involved. *See Martinez v. Rodriguez*, 394 F.2d 156, 159 n.6 (5th Cir. 1968).