354 So.2d 192 (1978)
DUER & TAYLOR
v.
BLANCHARD, WALKER, O'QUIN & ROBERTS.
No. 60658.
Supreme Court of Louisiana.
January 10, 1978.
*193 Arthur E. McInerney, Duer & Taylor, New York City, for plaintiffs-appellants.
Marlin Risinger, Jr., Jerald L. Perlman and Randall S. Davidson, Blanchard, Walker, O'Quin & Roberts, Shreveport, for defendant-appellee.
MARCUS, Justice.
Pursuant to La.R.S. 13:72.1[1] and Rule XII of the Supreme Court of Louisiana,[2] the *194 United States Court of Appeals for the Fifth Circuit has certified the following question of law to this court:[3]
Whether or not Louisiana Civil Code Art. 3538 prescribes an action by one attorney against another for a share in a fee collected more than three years before the action was brought? [footnote omitted]
Included in the certificate as required by Rule XII is a statement of facts showing the nature of the cause and the circumstances out of which the question of law arises:
In 1965, Gloria C. McGehee and Powell Crichton, Jr. retained the New York law firm of Duer & Taylor to represent them as claiming heirs in the Succession of Kate Crichton Gredler in Louisiana. Duer & Taylor associated the Louisiana law firm of Blanchard, Walker, O'Quin & Roberts to perform certain legal services. The exact terms of the contract of affiliation are in dispute. Mrs. McGehee and Mr. Crichton eventually succeeded in securing their claimed rights to the succession. They obtained a judgment of possession on April 2, 1971. The contingent attorneys' fee payable to the Louisiana law firm consisted of a share of the property. It was paid by an assignment of rights and the judgment of possession recognized the attorneys' interest, thus satisfying the debt of Mrs. McGehee and Mr. Crichton for attorneys' fees.
On June 12, 1975, the New York firm of Duer & Taylor commenced an action against the Louisiana attorneys, Blanchard, Walker, O'Quin & Roberts, seeking a share of the fee. The defendant law firm moved for summary judgment on the ground that the claim was prescribed by the Louisiana limitations statute. [footnote omitted]
La.Civ.Code Ann. art. 3538 (West 1953) provides:

. . . . . .
The following actions are prescribed by three years:
. . . . . .
That of . . . attorneys for their fees and emoluments.
The district court granted the requested summary judgment, holding the prescription applies to actions by one attorney against another for a share of the fees collected from a client, as well as to suits by an attorney against a client.
We will now address the question certified.[4]
Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it. Loew's, Incorporated v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959); United Carbon Company v. Mississippi River Fuel Corp., 230 La. 709, 89 So.2d 209 (1956); Sims v. New Orleans Ry. & Light Co., 134 La. 897, 64 So. 823 (1914); Burch v. Willis, 21 La.Ann. 492 (1869); Lutz v. Forbes, 13 La.Ann. 609 (1858); Wilson v. McGreal, 12 La.Ann. 357 (1857). It is equally well settled that prescription is stricti juris and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law. Gulf Oil Corporation v. State Mineral Board, on rehearing, 317 So.2d 576 (La.1975); State v. Stewart Bros. Cotton Co., Inc., 193 La. 16, 190 So. 317 (1939); Garland v. Estate of Scott, 15 La.Ann. 143 (1860). Therefore, in resolving the certified question, we must examine the character of the action between the parties to determine the applicable prescriptive period.
Where an attorney retained in a case employs or procures the employment of another attorney to assist him, as regards the division of the fee, the agreement constitutes *195 a joint adventure or special partnership. McCann v. Todd, 203 La. 631, 14 So.2d 469 (1943). The interest which each attorney possesses under such an agreement is the right to participate in the fund resulting from the payment of the fee by the client. Therefore, a suit by an attorney against another attorney to recover, pursuant to such an agreement, a portion of the fee collected by the latter party from the client is not one for the recovery of attorney's fees, but rather is one for breach of the agreement to share in the fund resulting from the payment of the fee. The applicable prescription is not three years as provided by La.Civil Code art. 3538 but that of ten years as provided by La.Civil Code art. 3544.[5]
We are supported in this conclusion by the decision of Marek v. McHardy, 234 La. 841, 101 So.2d 689 (1958). In that case, plaintiff-physician sued to recover damages allegedly sustained as a consequence of defendants-physicians' breach of a contract to give the plaintiff an interest in a partnership to be formed for the practice of medicine. The interest claimed by the plaintiff was the right to participate in a partnership fund which resulted from the payment of fees by the patients of the defendants' clinic. The defendants interposed a plea of liberative prescription of three years pursuant to La.Civil Code art. 3538.[6] In overruling the plea of prescription, this court characterized the action instituted by the plaintiff not as a suit for recovery of physician's fees, but rather as one for recovery of damages sustained by defendants' breach of contract. Accordingly, the applicable prescription was not three years but that of ten years provided by Article 3544. We do not consider an action by an attorney for a share in a single fee distinguishable from the action brought by the plaintiff in Marek in which he claimed the right to participate in a partnership fund resulting from the payment of several fees.
Reliance on the decision of Linton v. Harman, 5 La.Ann. 603 (1850) as support for the contention that the claims for fees by attorneys, no matter against whom they are brought, prescribe in three years is misplaced. Under the facts of that case, plaintiff-attorney brought an action against the surviving widow of a deceased client for services rendered to her late husband during marriage. All property of the community had been adjudged to her by a decree of court. The claim was that she had thereby become liable for the community debts. Clearly, the character of this action was for recovery of attorney's fees which had not been paid. The applicable prescription was three years under La.Civil Code art. 3538. The character of the action in the certified question is breach of contract and not for recovery of attorney's fees. Hence, the decision in Linton is inapposite.

JUDGMENT
For the foregoing reasons and in response to the question certified, La.Civil Code art. 3538 does not prescribe an action by one attorney against another for a share in a fee collected more than three years before the action is brought. Rather, the action, being one for breach of contract, is subject to a prescription of ten years under La.Civil Code art. 3544.[7]
NOTES
[1] La. R.S. 13:72.1 provides:

A. The supreme court of this state may, by rule of court, provide that when it shall appear to the Supreme Court of the United States, or to any court of appeals of the United States, that there are involved in any proceeding before it questions or propositions of the laws of this state, which are determinative of the said cause, and there is no clear controlling precedent in the decisions of the supreme court of this state, such federal appellate court may certify such questions or propositions of the laws of this state to the supreme court of this state for instructions concerning such questions or propositions of state law, which certificate the supreme court of this state may, by written opinion, answer.
B. The supreme court of this state is hereby authorized and empowered to collaborate with any and all other courts of last resort of other states and of the United States in the preparation and approval of uniform rules of court to make effective this and similar laws.
[2] Rule XII provides in pertinent part:

Section 1. When it appears to the Supreme Court of the United States, or to any circuit court of appeal of the United States, that there are involved in any proceedings before it questions or propositions of law of this state which are determinative of said cause independently of any other questions involved in said case and that there are no clear controlling precedents in the decisions of the supreme court of this state, such federal court before rendering a decision may certify such questions or propositions of law of this state to the Supreme Court of Louisiana for rendition of a judgment or opinion concerning such questions or propositions of Louisiana law. This court may, in its discretion, decline to answer the questions certified to it.
Section 2. The provisions of this rule may be invoked by the Supreme Court of the United States or any circuit court of appeal of the United States upon its own motion or upon the suggestion or motion of any interested party.
Section 3. The certificate provided for herein shall contain the style of the case, a statement of facts, showing the nature of the cause and the circumstances out of which the questions or propositions of law arise, and the question or questions of law to be answered.
[3] Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, United States Court of Appeals for the Fifth Circuit, 558 F.2d 328, on appeal from the United States District Court for the Western District of Louisiana, 425 F.Supp. 1373.
[4] In accordance with Rule XII, Section 6, Supreme Court of Louisiana, the parties filed briefs in this court with respect to the question certified. Oral argument was granted upon application. The matter was argued and submitted.
[5] La.Civil Code art. 3544 provides:

In general, all personal actions, except those before enumerated, are prescribed by ten years.
[6] In addition to providing that the action of attorneys for their fees and emoluments are prescribed in three years, La.Civil Code art. 3538 provides a prescription of three years for various other types of actions among which is: "That of physicians, surgeons and apothecaries for visits, operations and medicines."
[7] Pursuant to Rule XII, Section 8, Supreme Court of Louisiana, the judgment rendered by this court upon the question certified shall be sent by the clerk of this court under seal of this court to the United States Court of Appeals for the Fifth Circuit and to the parties, Duer & Taylor and Blanchard, Walker, O'Quin & Roberts.