DUER & TAYLOR, Plaintiff-Appellant,

v.

BLANCHARD, WALKER, O'QUIN & ROBERTS, Defendant-Appellee.

No. 77–1358

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1978.

Arthur E. McInerney, New York City, for Duer & Taylor.

Blanchard, Walker, O'Quin & Roberts, Jerald L. Perlman, Randall S. Davidson, Marlin Risinger, Jr., Shreveport, La., for defendant-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

The district court, 425 F.Supp. 1373, granted summary judgment to defendant, holding plaintiff's action barred by a Louisiana limitations statute. On appeal, we certified the limitations issue to the Supreme Court of Louisiana. We have now received the answer to that certified question. The Louisiana Supreme Court has ruled that the action was not time barred. Accordingly, we reverse the decision of the district court, and remand the case for further proceedings.

The facts of this case are fully set out in our opinion certifying the question to the Louisiana Supreme Court. *Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, 558 F.2d 328 (5th Cir. 1977). The New York law firm of Duer & Taylor brought this diversity action against the Louisiana law firm of Blanchard, Walker, O'Quin & Roberts seeking a share of the legal fee which defendant collected from two clients who had been referred by plaintiff. Defendant denied that it entered into any fee sharing agreement with plaintiff. Defendant, assuming *arguendo* that such an agreement existed, moved for summary judgment on two grounds. First, it contended that the action was prescribed by La.Civ.Code Ann. art. 3538 (West 1953), which establishes a three-year limitations period in actions by "attorneys for their fees and emoluments." Second, defendant contended that, since its fee from the clients was an assignment of an undivided interest in a succession, its purported agreement with plaintiff was required to be in writing. The district court granted defendant's summary judgment motion on the state of limitations ground, without reaching the issue of whether the agreement had to be in writing.

We certified this question to the Supreme Court of Louisiana:

Whether or not Louisiana Civil Code art. 3538 prescribes an action by one attorney against another for a share in a fee collected more than three years before the action was brought.

*Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, supra*, 558 F.2d at 329. The Louisiana Supreme Court has ruled that plaintiff's action was not time barred:

[I]n response to the question certified, La. Civil Code art. 3538 does not prescribe an action by one attorney against another for a share in a fee collected more than three years before the action is brought. Rather, the action, being one for breach of contract, is subject to a prescription of ten years under La. Civil Code art. 3544.

*Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts*, La., 354 So.2d 192 (1978) (No. 60,658, Jan. 10, 1978).

The district court, therefore, erred in granting defendant's motion for summary judgment. Accordingly, we reverse the judgment of the district court, and remand the case for further proceedings.

REVERSED AND REMANDED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.