JOAN BERNARD ARMSTRONG, Chief Judge.
 

 l,The appellant, Charles R. Ward, Jr., filed suit in the Civil District Court for the Parish of Orleans on behalf of Jerome Williams and Francis Seth, in their own capacity and on behalf of Jerome Seth, against the Earl K. Long Medical Center, Medical Center of Louisiana at New Orleans, and Thomas Perone, M.D. for medical malpractice. Attorneys Donna Grod-ner, Charlotte McDaniel, Denise Vinet, Peyton Murphy, Robert Snyder and James Frantz, appellees herein, represented Mr. Williams in a lawsuit against Metabolite in the United States District Court for the Eastern District of Louisiana. The federal suit sought damages for the same injury complained of in the state court litigation. Lead counsel in the federal case, Lewis Unglesby, asked Mr. Ward to sue Metabolite in state court, and Mr. Ward did so. The appellees then intervened in the state court case.
 

 According to Mr. Ward’s pleadings in the instant case, in January of 2004, Mr. Ward participated in a mediation that recommended settlement between $900,000 and $950,000. The child’s curator rejected the recommendation, and a Ryear and a half later, the appellees settled the case for $919,500, excluding Mr. Ward from the process and distributing attorneys’ fees of $296,500 and costs of $112,691.60 among themselves. On June 23, 2005, Mr. Ward answered the appellees’ intervention in the instant case and filed a reconventional demand against the appellees seeking enforcement of his fee agreement with them for his services in the case against Metabolite. This Court construed the recon-ventional demand as an intervention in denying the writ application filed by appel-lee Denise Vinet in 2008-C-0024, issued on February 22, 2008. The appellees filed their answer to the intervention on June 4, 2008, generally denying Mr. Ward’s allegations.
 

 On August 13, 2008, the trial court granted the appellees’ Motion for Summary Judgment dismissing Mr. Ward’s claim for attorneys’ fees pursuant to La. R.S. 37:218, reserving his right to proceed with a claim, denominated by the trial court as a reconventional demand, for attorneys’ fees under a legal theory of breach of contract. Thereafter, on August 20, 2008, Mr. Ward filed with leave of the trial court a First Amended Answer to Petitions for Intervention and Reconven-tional Demand in which he made the following allegations:
 

 (1) The appellees conspired to commit an intentional or willful act that caused him damages, pursuant to La. Civ.Code art. 2324.
 

 (2) Mr. Ward, Mr. Unglesby, and the appellees entered into a joint venture agreement pursuant to which they would share equally in the attorneys’ fees and costs attributable to the Williams litigation.
 

 |s(3) Mr. Ward and lead counsel Mr. Unglesby confirmed by a written contract the allocation of attorneys’ fees among the attorneys involved in the Williams litigation.
 

 (4) Mr. Unglesby had authority to reach this fee-sharing agreement with Mr. Ward and operated with apparent and actual authority in.negotiating a joint venture with Mr. Ward.
 

 
 *414
 
 (5) Because of the likelihood that Metabolite would declare bankruptcy, appellee Mr. Frantz asked Mr. Ward to contact Metabolite's counsel, Ernie Geiger, who was known to Mr. Ward as a proponent of mediation, to schedule a mediation.
 

 (6) Mr. Ward’s conversations with Mr. Geiger resulted in a mediation attended,
 
 inter alia,
 
 by Mr. Ward, Mr. Unglesby, and appellee Mr. Frantz at Mr. Geiger’s office. At Mr. Unglesby’s request, Mr. Ward prepared the mediation submission. Robert Dampf, the mediator, advised the participants that Metabolite was not in a financial position that would allow them to pay the Williams plaintiffs’ demands, and recommended a settlement of between $900,000 and $950,000, which Joyce Ford, curator for the minor child plaintiff, rejected, ending the mediation process.
 

 (7) Between January 2003 and 2005, Mr. Ward continued to serve as counsel for the plaintiffs, attending several hearings in the trial court in connection with the Metabolite claim, at Mr. Unglesby’s direction. Mr. Ward interviewed witnesses in connection with the Metabolite claim and consistently met with the |4plaintiffs. This participation in the Metabolite claim was at the request and/or direction of Mr. Unglesby and appellee Mr. Frantz.
 

 (8) Ultimately, the claim was ■ settled within $100,000 of the mediation recommendation. In connection with the settlement, Mr. Ward filed a Motion to Dismiss Metabolite from the instant litigation. This dismissal was a prerequisite to the distribution of attorneys’ fees to the appel-lees.
 

 (9) Only Mr. Unglesby honored the commitment to pay Mr. Ward his portion of the attorneys’ fees.
 

 (10) Mr. Ward entered into a contractual relationship with the appellees pursuant to La. Civ.Code art. 1906. The contract was formed by the consent of the parties established through offer and acceptance in accordance with La. Civ.Code art. 1927. The contract was reduced to writing and was breached by the appellees.
 

 The pleading seeks specific performance and damages for delay, in accordance with La. Civ.Code art. 1986, and damages caused by the appellees’ failure to perform their obligation, in accordance with La. Civ.Code art. 1995.
 

 In the pleading, Mr. Ward characterized the agreement among himself, Mr. Ungles-by, and the appellees as a joint venture, an agreement to combine their efforts in determined proportions and to collaborate at mutual risk for common profit. The appel-lees therefore would have owed a fiduciary duty to Mr. Ward, which they breached, giving rise to his claim for damages. Mr. Ward also asserts a personal action demanding an accounting of all settlement funds received by the ^appellees in the Metabolite matter and the contractual fee to which he is entitled in accordance with La. Civ.Code art. 3499.
 

 The appellees moved to dismiss their Intervention asserting their attorney fee lien in October of 2008, and the trial court granted the motion on December 15, 2008. In November of 2008, appellee Donna Grodner filed an answer, reconventional demand for fraud and defamation against Mr. Ward, and exceptions of
 
 lis pendens,
 
 improper cumulation of actions, improper venue, failure to join an indispensable party, prescription, no cause of action, and no right of action to Mr. Ward’s Amended Answer and Reconventional Demand. Mr. Ward filed a separate claim for breach of contract, breach of fiduciary duty, accounting of funds and damages against the ap-pellees, bearing number 2008-8521 on the docket of the Civil District Court for the Parish of Orleans, which was dismissed with prejudice.
 

 
 *415
 
 The trial court, having heard argument on the exceptions, granted the exception of prescription on June 11, 2009, and found the remaining exceptions to be moot. Mr. Ward filed a Motion for Rehearing
 
 [1]
 
 which the trial court denied by judgment dated July 8, 2009. Mr. Ward prosecutes the instant appeal from that judgment. The trial court in its reasons for having denied the Motion for Rehearing found that all the issues raised in that motion had been considered by the court, finding no basis for a new trial pursuant to La.Code Civ. Proc. art. 1972. For the reasons that follow, we vacate the judgment and remand the case to the trial court for further proceedings.
 

 | ,;The trial court did not file written reasons for its original judgment granting the exception of prescription; however, the appellate record contains the transcript of the hearing on the exceptions from which it is possible to ascertain the basis for the trial court’s judgment.
 

 The parties appear to have agreed that Mr. Ward became aware in June of 2005 that the attorneys’ fee and costs portion of the settlement proceeds in the Metabolite case had been disbursed to Mr. Unglesby and the appellees. Counsel for the appel-lees argued to the trial court as follows:
 

 MS. GRODNER:
 

 Your Honor, the Statue [sic] that we’re relying upon specifically said “any claim”. It says, and this is Title 9, Section 5605, and it was enacted in 1990. And it says:
 

 “No action for damages against any attorney at law ...” So this is an action against attorneys. We’re all attorneys.
 

 It says:
 

 “... Whether based upon tort or breach of contract or otherwise arising out of an engagement to provide legal services.”
 

 He’s alleging an engagement to provide legal services.
 

 THE COURT:
 

 And you’re saying that that time period, that contract is how many years?
 

 MS. GRODNER:
 

 The Statue [sic] has a preemptive [sic] period of both one year and three years. And any way you cut it he’s over when he filed his amendment on August 22nd. Because the documents that we’ve attached show that this money was disbursed and he had knowledge way back in June of '05. So it’s prescribed either under the one year or the three year preemptive [sic] period.
 

 Ji * *
 

 THE COURT:
 

 I don’t think it is a ten year contract.
 

 MR. WARD:
 

 The Statue [sic] says for a legal malpractice claim, Judge.
 

 MS. VINET:
 

 Your Honor, that’s the
 
 Reeder
 
 case. It’s a Supreme Court case. And it specifically state [sic] the outer most is three years.
 

 THE COURT:
 

 I think it’s prescribed.
 

 Mr. Ward contends that the trial court committed legal error when it dismissed his case as prescribed under the provisions of La. R.S. 9:5605, a legal malpractice statute, when he had brought an action for breach of contract under a joint venture among lawyers. Generally, unless otherwise provided by legislation, a per
 
 *416
 
 sonal action is subject to a liberative prescription of ten years. La. Civ. Code art. 8499. An action for the recovery of compensation for services rendered, including payment of professional fees, is subject to a liberative prescription of three years. La. Civ.Code art. 3494. The Civil Code Ancillaries in La. R.S. 9:5605 provide a special peremptive period relating to attorneys at law. That statute bears the title: “Actions for legal malpractice,” [Emphasis in the original] and provides in pertinent part:
 

 A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or | ¡¡otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
 

 B.The one-year and three-year periods of limitation provided in Subsection A of this Section are peremp-tive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
 

 C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law ..., the prescriptive and peremptive period shall be governed exclusively by this Section.
 

 E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.
 

 We note the caption of the statute, indicating that the prescription set forth therein applies to: “Actions for legal malpractice.” Counsel clearly argued to the trial court that the statute should apply to “any claim.” Clearly, Mr. Ward’s pleading does not set forth a claim for malpractice.
 

 [2-4] As a general rule, prescription statutes are to be strictly construed against the application of prescription.
 
 In re Medical Review Panel Proceedings of Berry,
 
 09-0752 (La.App. 4 Cir. 1/27/10), 30 So.3d 251, is a recent statement of this black-letter legal principle. Furthermore, Louisiana jurisprudence is well settled that the character of an action given by a plaintiff in his pleadings determines the prescription applicable to it. It is equally well settled that prescription is
 
 stridi juris
 
 and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law.
 
 Duer & Taylor v. \J3 Blanchard, Walker, O’Quin and Roberts,
 
 354 So.2d 192, 194 (La.1978). While we review the factual findings of the trial court under the manifest error standard, questions of law, such as the interpretation of the statute in question, are reviewed
 
 de novo.
 
 See,
 
 Brumfield v. McElwee,
 
 07-0548, pp. 8-4 (La.App. 4 Cir. 1/16/08), 976 So.2d 234, 238;
 
 Hand v. City of New Orleans,
 
 04-0845, p. 5 (La.App. 4 Cir. 12/22/04), 892 So.2d 609, 612. In this case, the trial court made no specific factual findings, resting its judgment on its legal conclusion that
 
 *417
 
 the peremptive period provided by the malpractice statute applied to the claim set forth by Mr. Ward in his amended pleading against the appellees.
 

 Mr. Ward has characterized his claim as that of a joint venturer, and his allegations provide reasonable support, at least at this point in the litigation, for that characterization. This characterization is further supported by the Louisiana Supreme Court’s decision in the
 
 Duer & Taylor
 
 case,
 
 supra.
 
 The court held that where an attorney retained in litigation, in this case, Mr. Unglesby as the alleged lead counsel for the Metabolite plaintiffs, employs or procures the employment of another attorney to assist him, as regards the division of the fee, the agreement constitutes a joint adventure or special partnership.
 
 Duer & Taylor v. Blanchard, Walker, O’Quin and Roberts, supra
 
 at 194-95, citing
 
 McCann v. Todd,
 
 203 La. 631, 14 So.2d 469 (1943). This Court analyzed
 
 Duer & Taylor
 
 in
 
 Parry v. Administrators of the Tulane Educational Fund,
 
 02-0382, pp. 7-9 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, 35-36. Specifically, this Court noted that the Louisiana Supreme Court in
 
 Duer and Taylor
 
 resolved the certified question before it of whether or not former La. Civ. Code art. 3538 prescribes an action by one attorney against another for a share in a fee collected more than three years before the action was brought:
 

 | mThe Louisiana Supreme Court in
 
 Duer
 
 further reasoned that the interest claimed under such a fee-sharing agreement is “the right to participate in the fund resulting from the payment of the fee by the client.” 354 So.2d at 194. The Court noted that the suit is not one seeking recovery of attorney’s fees, but one seeking damages “for breach of the agreement to share in the fund resulting from the payment of the fee.” 354 So.2d at 195. The Court noted that the interest in Marek
 
 [2]
 
 was “the right to participate in a partnership fund which resulted from the payment of fees by the patients of the defendants’ clinic” and found
 
 Marek
 
 was indistinguishable, stating: “[w]e do not consider an action by an attorney for a share in a single fee distinguishable from the action brought by the plaintiff in Marek in which he claimed the right to participate in a partnership fund resulting from the payment of several fees.”
 
 Id.
 

 Even in suits between attorney and client the jurisprudence supports a narrow reading of La. R.S. 9:5605. In
 
 Raspanti v. Raspanti,
 
 07-295, p. 6 (La.App. 5 Cir. 12/11/07), 977 So.2d 95, 98,
 
 unit denied,
 
 08-0096 (La.3/7/08), 977 So.2d 906, we find the following language:
 

 Read in its entirety, section 5605 reflects an intent to cover all actions for damages predicated on traditional legal malpractice, but not more. Thus, the prescriptive period does not apply to every action against every attorney under any theory whatsoever. Fee disputes have been held to be outside of the preemptive [sic] period of 9:5606[sic], as have duress and fraud. [Citations omitted.]
 

 The appellees rely on the Louisiana Supreme Court’s holding in
 
 Reeder v. North,
 
 97-0239 (La.10/21/97), 701 So.2d 1291.
 
 *418
 
 However, that case was a malpractice action. Thus, its holding cannot reasonably constitute authority in support of extending the reach of the legal malpractice prescriptive statute beyond cases of legal malpractice. See also,
 
 Davis v. Parker
 
 58 F.3d 183, 187-88 (5th Cir.1995), holding that La. R.S. 9:5605 does not apply to claims simply because they are related to an attorney-client relationship.
 

 Inin light of the foregoing principles underlying interpretation of prescriptive and peremptive statutes, and guided by the jurisprudence of this State concerning the legal malpractice statute, we are compelled to conclude that the peremptive and prescriptive periods set out in La. R.S. 9:5605 cannot be extended to bar the contractual claim set forth in Mr. Ward’s amended pleading. We therefore vacate the judgment appealed herein and remand this matter to the trial court for further proceedings. We note that this case is not before us on the merits, and we express no opinion as to the likelihood that Mr. Ward ultimately will prevail in this suit.
 

 Mr. Ward contends that the trial court committed legal error in dismissing his case on an exception of prescription directed only to his amended demand and ignored its relation back to his original demand, contradicting the court’s earlier judgment upholding the original demand for breach of contract. In light of our disposition of his first assignment of error, this issue is moot.
 

 VACATED AND REMANDED.
 

 [1]
 

 . The trial court treated this motion as a Motion for New Trial, pursuant to La.Code Civ. Proc. Art.1972.
 

 [2]
 

 .
 
 Marek v. McHardy,
 
 234 La. 841, 101 So.2d 689 (1958) involved a physician who sued to recover damages as a result of the defendants’ breach of an agreement to give him a ten percent interest in a future medical partnership. The defendants unsuccessfully pled prescription under former La. Civ.Code art. 3538 for actions by physicians and others for visits, operations, and medicines. The Louisiana Supreme Court held this was a suit for breach of contract, governed by ten year liberative prescription provided by former La. Civ.Code art. 3544.