ON APPLICATION FOR REHEARING
JOY COSSICH LOBRANO, Judge.
| ,On the application of the defendants, we grant rehearing to reconsider our November 16, 2012 opinion insofar as we overruled the peremptory exception of prescription re-urged in their appellee brief.
In overruling the exception, we concluded that Mr. Manard’s breach of contract suit filed on November 5, 2009, is merely a claim for compensation for services rendered under La. Civ.Code art. 3494(1) with a three-year prescriptive period that commences to run when the Lester plaintiffs’ claims are paid and their attorneys, the defendants herein, collect their fees pursuant to their written contingency fee contracts, citing La. Civ.Code art. 3495. Upon further review, we now conclude we erred in holding such.
Mr. Manard’s petition alleges a claim for damages resulting from a breach of contract, or unjust enrichment and quantum meruit, all arising from a joint venture[1] or fee sharing arrangement that he and Mr. Falcon orally agreed to in October 2001.
|2In Duer & Taylor v. Blanchard, Walker, O’Quinn and Roberts, 354 So.2d 192 (La.1978), the Louisiana Supreme Court held that where an attorney retained in a case employs or procures the employment of another attorney to assist him, the agreement constitutes a joint venture or special partnership with respect to division of the fee. Id. at 194-95, citing McCann *7 v. Todd, 208 La. 631, 14 So.2d 469 (1943). Each attorney shares “the right to participate in the fund resulting from the payment of the fee by the client.” Id. at 195. Accordingly, in that case the Court concluded that a suit by one attorney against the other attorney to recover a portion of the collected fee pursuant to the agreement is not one seeking recovery of attorney’s fees governed by the three-year prescriptive period of former La. Civ.Code art. 3538[2], but rather was one for breach of the agreement to share in the fund resulting from the payment of the fee and governed by the ten-year prescriptive period of former La. Civil Code art. 3544.[3] Id.
However, the courts have declined to apply the joint venture theory to support an equal division of the fee when the attorneys have not been jointly involved in the representation of the client. See Dukes v. Matheny, 20002-0652, p. 5 (La.App. 1 Cir. 2/23/04), 878 So.2d 517, 520, citing Brown v. Seimers, 98-694 (La.App. 5 Cir. 1/13/99), 726 So.2d 1018, 1022, writ denied, 99-0430 (La.4/1/99), 742 So.2d 566 and Matter of P & E Boat Rentals, Inc., 928 F.2d 662, 665 (5th Cir.1991). Rather, the apportionment of the fee in those types of cases has been based on quantum meruit. Brown, 726 So.2d at 1023. On a quantum meruit basis, an attorney may receive payment only for the services he performed and the responsibilities he assumed. See Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1978).
The defendants argue that the three-year prescriptive period of La. Civ.Code 3494(1) applies in this case rather than the ten-year prescriptive period of La. Civ. Code art. 3499 because Mr. Manard is merely seeking compensation for professional services rendered.
Louisiana jurisprudence is well settled that the character of an action as disclosed in the pleadings determines the applicable prescriptive period. SS v. State ex rel. Dept. of Social Services, 02-0831, p. 7 (La.12/4/02), 831 So.2d 926, 931; Starns v. Emmons, 538 So.2d 275, 277 (La.1989); Qayyum v. Morehouse General Hospital, 38,530 (La.App. 2 Cir. 5/12/04), 874 So.2d 371, 374. It is equally well settled that prescription is stricti juris and the statutes on the subject cannot be extended from one action to another. Duer, 354 So.2d at 194.
“The declinatory exception, the dilatory exception, and the peremptory exception when pleaded before or in the answer shall be tried and decided in advance of the trial of the case.” La. Code of Civ. Proc. art. 929(A). “On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La.Code of Civ. Proc. art. 931.
14As noted in our original opinion, the defendants raised declinatory exceptions of lis pendens and insufficiency of service of process, as well as peremptory exceptions of no cause of action, res judi-cata and prescription. The trial court *8 held a hearing on September 9, 2011, and the transcript of the hearing indicates the court considered only the exception of lis pendens. Thereafter, the trial court sustained that exception and pretermitted ruling on the other exceptions. Although the parties introduced evidence at the hearing, the evidence does not clearly establish the nature of the relationship between the parties. Thus, we cannot determine the appropriate prescriptive period for the purpose of ruling on the exception of prescription.
DECREE
Accordingly, for the reasons set forth herein and in our original opinion, the judgment of the trial court sustaining the exception of lis pendens is reversed and the case is remanded to the trial court for further proceedings, including a trial of the defendants’ peremptory exception of prescription.
REVERSED AND REMANDED.

. A joint venture "is defined as resulting from the undertaking by two or more persons to combine their property or labor in the conduct of a particular line of trade or general business, for joint profits, creating the status of partnership.’ " Parry v. Administrators of the Tulane Educational Fund, 2002-0382, p. 12 (La.App. 4 Cir. 9/4/02), 828 So.2d 30, 38, quoting Villarrubia v. Roy, 162 So.2d 86, 89 (La.App. 4th Cir.1964).

. Former La. Civ.Code art. 3538 provided a three-year prescriptive period for actions by "attorneys for their fees and emoluments.” The article and former La. Civ.Code art. 3534, which had provided a liberative prescription of one year for certain actions, were replaced by current La. Civ.Code art. 3494, which establishes a single prescription of three years, by Acts 1983, No. 173, § 1, eff. Jan. 1, 1984.

. Former La. Civ.Code art. 3544 provided, "In general, all personal actions, except those before enumerated, are prescribed by ten years." The substance of the article was reproduced as current La. Civ.Code art. 3499 by Acts 1983, No. 173, § 1, eff. Jan. 1, 1984.