BELSOME, J.,
concurs in part and dissents in part with reasons.
hi agree that the application for rehearing should be granted for the sole purpose of clarifying this Court’s denial of the defendants’ exception of prescription. Unlike the majority, however, I believe that the appropriate prescriptive period is determinable from the record.
Manard originally filed an intervention in Warren Lester, et al. v. Exxon Mobil Corp., et al., district court case number 02-19657, to recover his attorney’s fees for services rendered, with respect to a distinct group of plaintiffs known as the “French Jordan Flight” plaintiffs. After some discovery, Manard learned that he was not named on the contingency fee contracts with the clients, and the trial court dismissed the intervention with prejudice as to the French Jordan Flight plaintiffs only.
Manard filed the instant lawsuit asserting breach of contract claims pursuant to a joint venture and alternative claims of quantum meruit or unjust enrichment. The defendants filed declinatory exceptions of insufficiency of service of process and lis pendens, as well as peremptory exceptions of no cause of action, res judi-cata, and prescription. The trial court granted defendants’ exception of lis pen-dens and pretermitted the remaining issues.
lain this Court’s original opinion on appeal, we held that Manard’s non-contingency fee claims (breach of contract, unjust enrichment, and quantum meruit) were not barred by res judicata, because the original intervention was dismissed solely on the grounds that Manard was not named in the contingency fee contracts; therefore, the trial court’s ruling granting the lis pendens exception was erroneous. Yet, when overruling the defendants’ exception of prescription, this Court applied the three-year prescriptive period associated with actions for services rendered[1] finding that Manard performed work which derived from the contingency fee contracts executed between the defendants and the Lester plaintiffs. In particular, this Court observed that the applicable prescriptive period relative to contingency fee contracts did not commence until the plaintiffs received payment for their claims, and, fur *9 ther, that the record in this case did not reflect that the Lester plaintiffs had received payment.
Since the instant claims do not involve claims made pursuant to the Lester contingency fee contracts, it was inappropriate to employ the prescriptive rules used in a contingency fee context to support the conclusion that the prescriptive period for the plaintiffs suit had not elapsed. Nevertheless, this Court’s denial of the prescription exception is sound.
Here, the majority finds that it could not determine the appropriate prescriptive period from the record, suggesting that the applicable period may be either three years, if the action is for services rendered, or ten years, if it is for breach of contract or quantum meruit. I disagree.
The pleadings and evidence clearly allege an action for a breach of contract pursuant to a joint venture and an alternative action under quantum meruit, or |3unjust enrichment, not a claim for services rendered.[2] Both causes of action are subject to a liberative prescription period of ten years. See Duer and Taylor v. Blanchard, Walker, O’Quin and Roberts, 354 So.2d 192, 194-95 (La.1978), where the Court held that breach of a joint venture, or fee sharing, agreement is subject to a ten-year prescription period; and Bazile v. Arnaud Coffee Co., 465 So.2d 111, 115 (La.App. 4 Cir.1985), writ denied, 468 So.2d 1212 (La.1985), where this Court held that the ten-year liberative prescription applies to claims for unjust enrichment.
Manard’s lawsuit asserts that the joint venture was formed in October of 2001. He filed suit on November 5, 2009. Since the lawsuit was filed within ten years of the date of the alleged agreement itself, these claims are undoubtedly within the prescriptive period. Thus, I would grant the application for rehearing for clarification purposes only and maintain this Court’s denial the prescription exception.

. La. C.C. art. 3494(1) states that the following is subject to a three-year liberative prescriptive period: An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, fees and emoluments of public officials, freight passage, money, lodging, and board[.]

. As discussed by the majority, in Duer and Taylor v. Blanchard, Walker, O’Quin and Roberts, 354 So.2d 192, 194-95 (La.1978), the Louisiana Supreme Court specifically held that a suit by an attorney against another attorney to recover a portion of the fee collected by latter party from client pursuant the attorneys’ agreement for division of fee, is not one for recovery of attorney fees, but rather is one for breach of agreement to share in fund resulting from payment of fee.