BONIN, J.,
dissents with reasons.
|J respectfully dissent.
The agreement under consideration is a joint venture agreement between attorneys to share in legal fees generated under a contingency fee contract. See Duer & Taylor v. Blanchard, Walker, O’Quin & Roberts, 354 So.2d 192, 194-195 (La.1978). Under this particular joint venture agreement, Ms. Harang was obligated to perform 50% of the legal work and to contribute equally to the advancement of costs *700 and expenses. In the summer of 2008, Mr. Murray placed her on notice that she was not performing her obligations under their agreement.[1] Ms. Harang does not exactly contest Mr. Murray’s contentions, but offers explanations for the extent of any nonperformance on her part. The trial judge recognized that there were genuine issues of material fact but noted that he felt compelled to follow our circuit’s apparent precedents.
The majority, relying upon a considerable line of prior appellate decisions, concludes in effect that the kind of joint venture agreement here executed is insulated from judicial review so long as the obligor (Ms. Harang) continued to perform any work on the underlying case.
| gA joint venture agreement, like any agreement, however, is subject to an obli-gee’s right to dissolution on account of an obligor’s failure to perform. See La. Civil Code art. 2013. But “[a] contract may not be dissolved when the obligor has rendered a substantial part of the performance and the part not rendered does not substantially impair the interest of the ob-ligee.” See La. Civil Code art. 2014. In this case, at this stage of the proceeding, with the facts that are in dispute concerning the relative contributions of the two lawyers, it is not possible to determine on summary judgment whether Mr. Murray is entitled to dissolution (and thus an apportionment of fees under quantum meru-it) or whether Ms. Harang can show that she “has rendered a substantial part” and that Mr. Murray’s interest has not been substantially impaired (and thus entitled to an equal share).
I would, therefore, reverse the grant of summary judgment which dismissed Mr. Murray’s suit with prejudice and remand for a trial on the merits.

. Notably, unlike in this case, in Rice, Steinberg, & Stutin, P.A. v. Cummings, Cummings & Dudenhefer, 97-1651 (La.App. 4 Cir. 3/18/98), 716 So.2d- 8, 11, a case important to the majority's resolution of this matter, there was no informing the other lawyer of a breach of the joint venture agreement before the funds were collected. Also, Rice, Stein-berg was not decided on summary judgment, but after a trial on the merits, and then was reviewed under a manifest error standard. Id.