EDWIN A. LOMBARD, Judge.
l,The Appellants, Barbara Lee Scheuer-mann and James Perdigao, seek review of the January 16, 2014 judgment of the dis- *650 triet court granting the exceptions of per-emption of Appellees’ William G. Rosch, III, Rosch & Ross, Craig H. Stewart, and The Stewart Law Firm, Inc. Finding that the district court did not err, we affirm.
Facts & Procedural History
In June 2007, James Perdigao (“Mr. Perdigao”) hired William G. Rosch, III, Rosch & Ross, Craig H. Stewart, and The Stewart Law Firm, Inc., (collectively referred to herein as “defendants”), to represent him in a federal criminal case. Mr. Perdigao’s mother, Appellant Barbara Lee Scheuermann (“Ms. Scheuermann”) paid for his legal defense. At the time, Mr. Perdigao was a partner at Adams and Reese LLP (“Adams and Reese”). Subsequently, Mr. Perdigao terminated the defendants’ representation in late 2007, and pleaded guilty to stealing more than $20,000,000 from Adams and Reese and his clients. He was sentenced to more than fifteen years in prison.
12After terminating the defendants, he formally requested an accounting of the retainer deposit that he had made. Subsequently, the defendants allegedly refused to provide an accounting and to refund the unused portion of the deposit, as they had previously discussed. The defendants allegedly claimed that any unused portion of the retainer deposit above any fees earned for services rendered did not have to be accounted for and that they were rightfully entitled to it. Ms. Scheuermann claims that the defendants refused to honor their agreement to refund the unearned balance of the deposit and filed a lawsuit.
In 2013, Ms. Scheuermann filed a lawsuit alleging that the legal fees that were paid to the defendants in 2007, were excessive and sought a partial refund. She alleges that the defendants proposed a written contract for their representation, but the parties could not come to an agreement on the terms of the contract. At that time Ms. Scheuermann alleges that she provided a substantial amount for the retainer deposit, and that the defendants had agreed that they would bill their time against the retainer deposit, and refund any unused portion to her upon the conclusion of their representation. Moreover, she alleges that although the defendants did perform legal work on behalf of her son, the amount of legal work performed should not have exhausted the retainer deposit for the amount of time that the defendants had actually been hired.
In response, the defendants filed their respective exceptions of no right of action, and William G. Rosch, III, and Rosch & Ross filed an exception of peremption alleging that Ms. Scheuermann did not have standing or a right of action to seek an accounting on behalf of her son, who solely had standing and a right of action to sue for an accounting and refund of the unused portion of the retainer.
| aOn December 2, 2013, an Amended and Restated Petition for Accounting and Refund of Excessive Attorney’s fees was filed in response to the exceptions that had been filed by the defendants. The Amended and Restated Petition for Accounting and Refund of Excessive Attorney’s fees added Mr. Perdigao as a plaintiff.
In response, both sets of defendants filed exceptions to the Appellants’ Amended and Restated Petition on the grounds of no right of action and peremption. On January 10, 2014, the trial court sustained the defendants exceptions of peremption, dismissed the claims of Ms. Scheuermann and Mr. Perdigao (“the Appellants”) with prejudice, and dismissed as moot the defendants’ exceptions of no right of action. As a result, the Appellants have taken a devolutive appeal and raise one assignment of error:
*651 The trial court erred in sustaining the Appellees’ exceptions of peremption on the grounds that La.Rev.Stat. 9:5605 applies to all claims against attorneys, including non-malpractice claims, which stem from or arise out of an attorney-client relationship, and in applying La. Rev.Stat. 9:5605 to the Appellants’, nonlegal malpractice, demand for accounting, breach of contract, and unjust enrichment claims.
Standard of Review
In civil cases, we apply the manifest error standard of review to the trier of fact’s factual findings. See Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112, p. 8 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242, 1249. “The trial court’s factual determinations regarding preemption [sic]/ prescription should not be reversed in the absence of manifest error, as the issue to be decided by the appellate court is not whether the trier of fact was right or wrong, but rather whether the fact finder’s conclusion was a reasonable one.” Id.
14Non-MaIpractice Claims
The Appellants assert that the trial court erred in sustaining the Appellees’[1] exceptions of peremption, in holding that Louisiana’s legal malpractice peremption statute applies to all claims against attorneys, including non-malpractice claims, which stem from or arise out of an attorney-client relationship, and in applying La. Rev.Stat. 9:5605 to the Appellants’ demand for accounting, breach of contract, and unjust enrichment claims.
The Appellants argue that they did not bring a legal malpractice action, but rather a contractual action arising out of an agreement with the Appellees that they would bill against a retainer deposit and then account for and refund the unused portion at the conclusion of the engagement. Further, the Appellants contend that the trial court committed a legal error when it: 1.) concluded that Louisiana’s malpractice peremption statute, La.Rev. Stat. 9:5605, applied to all claims against attorneys, including non-malpractice claims, which stem from an attorney-client relationship, and 2.) when it dismissed their case as perempted under this statute.
The Appellants cite to La. Civ.Code art. 3499, which states, generally, that unless otherwise provided by statute, a personal action is subject to a liberative prescription of ten years. They argue that La. Rev.Stat. 9:5605 does not apply because it relates to malpractice actions against attorneys, and this statute bears the title “Actions for Legal Malpractice.” Further, under this statute, legal malpractice actions are subject to a peremption period of three years from the date of the alleged act, omission, or neglect. The Appellants further cite to In re Medical Review Panel Proceedings of Berry, 09-0752 (La.App. 4 Cir. 1/27/10), 30 So.3d 251, wherein this Court determined that as a general rule prescription statutes are to be strictly construed against the application of prescription. They further rely upon Ames v. Okie, 11-1540, p. 11-13 (La.App. 4 Cir. 5/23/12), 97 So.3d 386, 391, wherein we determined that the character of an action given by the plaintiff in his pleadings determines the prescription applicable to it, and in determining the applicable prescriptive period, the appellate court must look to the nature of the underlying duty to determine whether it is contractual or del-ictual in nature.
Moreover, the Appellants rely upon Williams v. Earl K. Long Medical Center, *652 09-1483 (La.App. 4 Cir. 5/28/10), 40 So.3d 412, writ denied, 10-1436 (La.10/1/10), 45 So.3d 1097, where the plaintiff, an attorney, brought a claim against other attorneys to recover his portion of the fees disbursed to the other attorneys pursuant to a settlement in the underlying litigation. This Court, the Appellants argue, rejected the application of legal malpractice per-emption periods holding that La.Rev.Stat. 9:5605 was inapplicable to a breach of contract claim. Also, the Appellants rely upon Peneguy v. Porteous, 01-1503 (La.App. 4 Cir. 5/15/02), 823 So.2d 380, where the heirs of a decedent, who were beneficiaries of one-third of the decedent’s trust, .brought an action against the heirs of attorneys, who received one-third of the 40% of the decedent’s trust when they represented the decedent’s wife and two daughters in a 1928 lawsuit to set aside the decedent’s trust. The action filed in 1999 by heirs of the decedent alleged that the amount of money received by the attorneys’ heirs was an unreasonably excessive attorney’s fee. This Court held that La. Rev.Stat. 9:5605 did not apply, and determined that it was an action to rescind or reform the contract executed in 1928 between now deceased parties, and as such, prescribes in ten years.
| ^Additionally, they argue that in order to maintain a claim for breach of contract, the claimant must allege that the defendant breached a particular contractual provision or duty. Trinity Universal Ins. Co. v. Horton, 33,157 p. 2 (La.App. 2 Cir. 4/5/00), 756 So.2d 637, 638. Thus, because the caption of La.Rev.Stat. 9:5605 indicates that the peremption period it sets forth is for an action for malpractice, and the Appellants’ pleadings do not set forth that type of claim, but rather a breach of contract claim, they argue the judgment of the trial court should be reversed. Lastly, pursuant to La. Civ.Code art. 3499, they argue they had ten years from November 2007, to file suit and they filed timely in July 2013.
In response, the Appellees argue that the trial court correctly applied La.Rev. Stat. 9:5605, because the language of the statute is clear and unambiguous,[2] and establishes peremptive periods applicable to all claims against attorneys, where based upon tort, or in contract, or otherwise, if those claims arise out of an engagement to provide legal services. Further, in Vagelos v. Abramson, 12-2335 (La.App. 4 Cir. 10/2/2013), 126 So.3d 639, writ denied, 13-2574 (La.1/27/2014), 131 So.3d 61, they aver that there is a controlling precedent from this Court that demonstrates the distinction between claims arising out of an engagement to provide legal services, which are subject to the statute, and other claims that are not. All claims arising out of an engagement to provide legal services, they contend, are subject to the peremp-tive periods established in La.Rev.Stat. 9:5605, even if the claims include allegations of excessive fees or breach of a purported contract.
|7The Appellees rely upon Vagelos, which they argue is similar to the case at hand. In Vagelos, the plaintiffs asserted claims for breach of contract, and for charging an excessive legal fee against the defendants, who were lawyers. The defendants were sued more than a year after representation for breach of contract, and a claim that one of the attorney’s overcharged for the services provided. This *653 Court held that both claims arose out of an engagement to provide legal services and ruled that both were non-malpractice claims pursuant to La.Rev.Stat. 9:5605. Thus, because the holding in Vagelos demonstrates that the peremptive periods established in La.Rev.Stat. 9:5605 apply, the Appellees argue that the trial court correctly sustained their exceptions of per-emption.
The Appellees further explain that there is a distinguishable difference in the case at hand and in Williams and Peneguy. In Williams, the claim arose out of a dispute amongst two sets of lawyers, and did not involve a claim with a former client and an attorney. Moreover, in Peneguy, there was not a claim present seeking to enforce a contract with their attorney’s but rather to enforce annulment or reform of a contract that their predecessors had entered into in 1927. Thus, the cases cited by the Appellants do not apply to the case at hand.
We disagree with the Appellants’ argument that the trial court erred in sustaining the Appellees’ exceptions of peremption by applying La.Rev.Stat. 9:5605 to their demand for accounting, breach of contract and unjust enrichment claims.
La.Rev.Stat. 9:5605(A), states:
No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination 18auth prized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
As previously stated, the Supreme Court has held that when a statute is clear and unambiguous and its application does not lead to absurd consequences, the provision is applied as written with no further interpretation made in search of the Legislature’s intent. Foti. La.Rev.Stat. 9:5605 speaks to claims that arise out of any engagement to provide legal services including breach of contract. This statute unambiguously states that in the case that an action does arise out of the engagement of legal services, including breach of contract, the lawsuit shall be brought within one year from the alleged act, omission, or neglect is discovered. Therefore, we find this statute to be applicable.
In B. Swirksy & Co., Inc. v. Bott, 598 So.2d 1281 (La.App. 4th Cir.1992), a client filed a legal malpractice claim and breach of contract action against his former counsel, counsel’s law firm, and malpractice insurer for the attorney’s failure to file proof of loss claims forms with the client’s insurer relative to the client’s casualty loss by fire. The district court maintained defendants’ exception of prescription, and the client appealed. This Court in turn held that action was subject to a one-year prescription period, under La.Rev.Stat. 9:5605(A).
Additionally in Jones, Walker, Waechter, Poitevent, Carrere, and Denegre, L.L.P. v. Homestead Ins. Co., 97-0710 (La.App. 4 Cir. 9/10/97), 700 So.2d 238, a client asserted legal malpractice claim as a reconven-tional demand in response to aj9law firm’s suit for unpaid fees and costs. The district *654 court held that the malpractice claim was not prescribed, and the law firm appealed. This Court held that: 1.) the malpractice claim was prescribed under the one-year prescription period of La.Rev.Stat. 9:5605, and 2.) that part of the relief that the client sought from the law firm in a legal malpractice action was for reimbursement of expenses incurred to appeal the underlying judgment and that did not make the client’s claim one for indemnity, subject to a different prescriptive period than that for legal malpractice. Both cases mentioned above apply to La.Rev.Stat. 9:5605, as they arise out of a . breach of contract and engagement in the practice of law to provide legal services such as the case at hand.
Moreover, in Vagelos v. Abramson, 12-1235 (La.App. 4 Cir. 10/2/2013), 126 So.3d 639, writ denied, 13-2574 (La.1/27/2014), 131 So.3d 61, the plaintiffs asserted claims for breach of contract, and for charging an excessive fee. This Court held that both claims were perempted pursuant to La. Rev.Stat. 9:5605. Therefore, because this Court has applied La.Rev.Stat. 9:5605 to factually similar cases, it should also be applied to the case at hand.
In this instant matter, the Appellants assert that they did not bring a malpractice action, but rather a breach of contract action. However, we find that the Appellants clearly filed a lawsuit based upon a legal malpractice claim. They assert that the Appellees failed to provide an accounting of fees that accrued during their time of representation when requested, and failed to reimburse funds that were unused based upon an agreement that had been previously made by the parties and thus, there was allegedly a breach of contract. However, because this is an action that arises out of the engagement to provide legal services to the Appellants, this lawsuit is governed by La.Rev.Stat. 9:5605 (A), and is subject to |ina one-year prescriptive period from the date that the alleged act, omission, or neglect is discovered or should have been discovered. Even actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect. Thus, the Appellants’ lawsuit was prescribed as of November 2008 and perempted three years from the date of the alleged act, omission, or neglect which would have been November. 2010.
DECREE
For the foregoing reasons, the judgment of the district court granting the exceptions of peremption of William G. Rosch, III, Rosch & Ross, Craig H. Stewart, and The Stewart Law Firm, Inc., is affirmed.
AFFIRMED.

. Although only defendants William Rosch, III, and Rosch & Ross filed an Appellee’s brief, we will use "the Appellees” to refer to all the defendants.

. See Foti v. Holliday, 09-0093 (La. 10/30/2009), 27 So.3d 813, 813, citing Dejouie v. Medley, 08-2223 (La.5/5/09), 9 So.3d 826, 829, wherein the Supreme Court held that when a statute is clear and unambiguous and its application does not lead to absurd consequences, the provision is applied as written with no further interpretation made in search of the Legislature's intent.